MINNO ET AL., APPELLEES, *v*. PRO-FAB, INC., APPELLANT, ET AL.

[Cite as *Minno v. Pro-Fab, Inc.*, 121 Ohio St.3d 464, 2009-Ohio-1247.]

*A corporation's veil may not be pierced in order to hold a second corporation liable for the corporate misdeeds of the first when the two corporations have common individual shareholders but neither corporation has any ownership interest in the other corporation.*

(No. 2008-0170 — Submitted October 14, 2008 — Decided March 25, 2009.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2007-T-0021, 2007-Ohio-6565.

_____

SYLLABUS OF THE COURT

A corporation's veil may not be pierced in order to hold a second corporation liable for the corporate misdeeds of the first when the two corporations have common individual shareholders but neither corporation has any ownership interest in the other corporation.

_____

CUPP, J.

{¶ 1} The issue to be determined in this appeal is whether the doctrine of piercing the corporate veil applies to a situation in which two corporations are owned by common individual shareholders but neither corporation owns an interest in the other corporation. Because this situation does not involve the owner of a corporation misusing his control over that corporation, we conclude that the doctrine does not apply. Accordingly, the decision of the court of appeals is reversed.

I

**{¶ 2}** This case began in 2004 when James Minno, his wife, his stepdaughter, and his son, plaintiffs-appellees, filed a complaint against Pro-Fab, Inc., and See-Ann, Inc. In the complaint, Minno alleged various claims, generally asserting that See-Ann had failed to provide a safe working environment. Minno alleged that while in the scope of his employment as an ironworker, See-Ann's actions caused him to fall from a height of 19 feet and, as a consequence, to suffer serious injuries. Minno also asserted a claim against Pro-Fab, alleging that Pro-Fab had been in control of the work site, was the alter ego of See-Ann, and was, therefore, also liable for his injuries. Minno did not allege any individual claims against the shareholders of Pro-Fab or See-Ann, and he acknowledged that Pro-Fab and See-Ann were sister companies.

**{¶ 3}** Pro-Fab and See-Ann answered that they are separate legal entities, a fact that is evidenced by different incorporation dates. Pro-Fab and See-Ann also responded that although they have common owners and officers, engage in a similar line of work, and have the same business address, neither corporation has an ownership interest in the other. As relevant to Minno's complaint, See-Ann carries no general-liability insurance.

**{¶ 4}** In the trial court, both Pro-Fab and See-Ann filed motions for summary judgment. See-Ann's motion was denied on the ground that a material issue of fact existed regarding whether See-Ann committed an intentional tort against Minno. This claim remains pending in the trial court. However, Pro-Fab's motion was granted because the trial court concluded that Pro-Fab had no dominion or control over Minno in the performance of his duties while he worked for See-Ann.

**{¶ 5}** A divided appellate court reversed the summary judgment in favor of Pro-Fab. It concluded that Minno had presented sufficient evidence to demonstrate a genuine issue of material fact regarding whether Pro-Fab was fundamentally indistinguishable from See-Ann and whether Minno could,

therefore, pierce the corporate veil of See-Ann and reach Pro-Fab's assets pursuant to the test set forth in *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 617 N.E.2d 1075, paragraph three of the syllabus. Specifically, Minno wanted to pierce See-Ann's corporate veil in order to reach Pro-Fab's general-liability insurance.

{¶ 6} Thereafter, Pro-Fab appealed from the decision of the appellate court, and we accepted review under our discretionary jurisdiction. *Minno v. Pro-Fab, Inc.*, 117 Ohio St.3d 1496, 2008-Ohio-2028, 885 N.E.2d 954.

## II

{¶ 7} As acknowledged in *Belvedere,* 67 Ohio St.3d at 287, 617 N.E.2d 1075, and recently restated in *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, one purpose of incorporation is the ability to limit the liability of the individual shareholders. See also Section 3, Article XIII, Ohio Constitution. "The corporate form is useful primarily because it creates a division between shareholders and their business concerns: '[The corporate form] has been introduced for the convenience of the company in making contracts, in acquiring property for corporate purposes, in suing and being sued, and to preserve the limited liability of the stockholders, by distinguishing between the corporate debts and property of the company, and of the stockholders in their capacity as individuals.' " *Dombroski* at ¶ 16, quoting *State ex rel. Atty. Gen. v. Std. Oil Co.* (1892), 49 Ohio St. 137, 177, 30 N.E. 279.

{¶ 8} Nevertheless, in certain circumstances the corporate form may be disregarded, and the corporate veil pierced, for the purpose of reaching the assets of the corporation's individual shareholders. "Piercing the corporate veil" is "[t]he judicial act of imposing personal liability on otherwise immune corporate officers, directors, or shareholders for the corporation's wrongful acts." Black's Law Dictionary (8th Ed.2004) 1184.

{¶ 9} To determine whether a corporation's veil can be pierced in a specific situation, a court must apply the three-pronged test set forth in *Belvedere,* 67 Ohio St.3d 274, 617 N.E.2d 1075, at paragraph three of the syllabus, as modified by *Dombroski,* 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538.[1] A plaintiff's successful proof of each of the three elements will result in individual shareholders being held liable for corporate misdeeds because "it would be unjust to allow the shareholders to hide behind the fiction of the corporate entity." *Belvedere* at 287.

## III

{¶ 10} The question presented in this appeal, however, is whether a corporation's veil may be pierced in order to hold a second corporation liable for the corporate misdeeds of the first, when the two corporations have common individual shareholders but neither corporation has any ownership interest in the other corporation.

{¶ 11} The *Belvedere* test for piercing the corporate veil has been applied to determine whether an individual shareholder may be held liable for corporate wrongdoings. *Belvedere,* 67 Ohio St.3d at 287, 617 N.E.2d 1075. When a shareholder exercises such control over a corporation that the corporation becomes the shareholder's alter ego, and when the shareholder misuses his control of a corporation to commit specific, egregious acts that injure a third party, then it is unjust to allow the shareholder to use the corporate form as a shield to escape

---

1. This test provides, "The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud, [an illegal act, or a similarly unlawful act] against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *Belvedere,* 67 Ohio St.3d 274, 617 N.E.2d 1075, at paragraph three of the syllabus, and as modified (bracketed language) by the syllabus in *Dombroski*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538.

the consequences of those wrongful acts. Id. at 289. The *Belvedere* test for piercing the corporate veil has also been applied to ascertain whether a parent corporation could be held liable for its subsidiary corporation's misconduct. *Dombroski,* 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, at ¶ 9, 18-19. The common element in both of these situations is that the party upon whom liability is sought to be imposed had a controlling interest through ownership of more than one-half of the voting stock in the corporation allegedly committing wrongful acts. See also Black's Law Dictionary (8th Ed.2004) 367 (defining "parent corporation").

{¶ 12} In this case, however, Minno seeks to impose liability upon a corporation that holds no ownership interest in the corporation that allegedly committed the wrongful acts. When "two or more corporations [are] controlled by the same, or substantially the same, owners," the corporations are called "sisters." Black's Law Dictionary (8th Ed.2004) 368. In contrast to a shareholder's ownership of a corporation or a parent corporation's ownership of another corporation, the common shareholder ownership of sister corporations does not provide one sister corporation with the inherent ability to exercise control over the other. Any wrongful act committed by one sister corporation might have been instigated by the corporation's owners, but it could not have been instigated by the corporation's sister.

{¶ 13} Thus, we hold that a plaintiff cannot pierce the corporate veil of one corporation to reach its sister corporation. A corporation's veil may not be pierced in order to hold a second corporation liable for the corporate misdeeds of the first when the two corporations have common individual shareholders but neither corporation has any ownership interest in the other corporation. Despite the element of common shareholder identity, sister corporations are separate corporations and are unable to exercise control over each other in the manner that a controlling shareholder can. This lack of ability of one corporation to control

the conduct of its sister corporation precludes application of the piercing-the-corporate-veil doctrine.

{¶ 14} In the case before us, Pro-Fab and See-Ann have common individual shareholders and officers, are engaged in similar lines of work, and possess identical business addresses. However, the corporations are separately incorporated and neither corporation has an ownership interest in the other. Under this arrangement of the corporate structures, Pro-Fab and See-Ann are, for legal purposes, sister corporations, and the doctrine of piercing the corporate veil is therefore inapplicable. Pro-Fab was entitled to summary judgment.

## IV

{¶ 15} For the reasons stated above, the judgment of the court of appeals is reversed.

Judgment reversed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

_____

James R. Scher, for appellees James Minno, Ruth Minno, Amy Byrns, and James Minno Jr.

Pelini, Campbell, Williams & Traub, Craig G. Pelini, and Eric J. Williams, for appellant.

_____