### INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 212 et al., Plaintiffs

v.

### AMERICAN LAUNDRY MACHINERY, INC. et al., Defendants.

No. 1:07–cv–324.

United States District Court, S.D. Ohio, Western Division.

Jan. 13, 2010.

Amy Marie Hartford, Amy Jo Leonard, Dennis David Altman, Brett Andrew Kravitz, D. David Altman Co. LPA, Cincinnati, OH, David Marvin Cook, Justin Derek Newman, Cincinnati, OH, Robert E. Rickey, Todd Brian Portune, Cook, Portune & Logothetis, Cincinnati, OH, for Plaintiffs.

Diane M. Goderre, Gary Edward Becker, Kevin Patrick Braig, Brian J. O'Connell, Christopher Mark Bechhold, Cincinnati, OH, for Defendants.

## ORDER

S. ARTHUR SPIEGEL, Senior District Judge.

This matter is before the Court on Defendant Martin Franchise, Inc.'s Objections to Magistrate Judge's Order of November 24, 2009 (doc. 142), Plaintiffs' Response in Opposition (doc. 147), and Defendant's Reply thereto (doc. 148). In addition, Defendant Martin Franchise, Inc. ("Martin") has submitted a Motion to Stay the Magistrate Judge's Order (doc. 148), which Plaintiffs have opposed (doc. 149). For the reasons that follow, the Court AFFIRMS the Magistrate Judge's Order (doc. 139) in all respects and DENIES Defendant's Motion to Stay (doc. 148).

The Magistrate Judge issued an order on November 24, 2009, granting in part and denying in part Martin's Motion for a Protective Order (doc. 139). The Magistrate Judge's Order, *inter alia*, provided that Martin must disclose the corporate and financial records sought by Plaintiffs and any Martin insurance policies that may satisfy all or any part of a favorable judgment by Plaintiffs, including any application by Martin for coverage linking Martin to the real estate in dispute here, but not including reports provided by insurance investigators (*Id.*). Martin objects to these components of the Magistrate Judge's Order, arguing that the Magistrate Judge ignored relevant Ohio Supreme Court case law and that ordering the production of applications for insurance coverage inappropriately expands the scope of discovery and is inconsistent with the Court's prior rulings (doc. 142).

Martin specifically takes issue with the fact that the Magistrate Judge did not find that a recent Ohio Supreme Court case controlled his decision regarding the financial and corporate documents sought by Plaintiffs (*Id.*). Martin maintains that *Minno v. Pro–Fab, Inc.*, 121 Ohio St.3d 464, 905 N.E.2d 613 (2009) mandates that Plaintiffs are not entitled to any corporate or financial information about Martin itself because it was Martin's sister corporation, Defendant American Laundry Machinery, Inc., who owned the subject real estate and sold it to Plaintiffs (*Id.*).

In *Minno*, the Ohio Supreme Court held that one cannot pierce the corporate veil of a corporation to reach its sister corporation because the piercing doctrine is meant to get at the owners of a corporation and sister companies, by definition, do not own or control each other. *Minno*, 905 N.E.2d at 617. However, contrary to Martin's assertions, *Minno* does not control the outcome of the discovery dispute before the Court. Unlike in *Minno*, Plaintiffs here seek to prove the liability of shareholders of sister corporations and seek the corporate and financial information to that end. In addition, at this stage, Plaintiffs seek to better understand and develop a record on the relationship among the corporate and the individual defendants, something clearly not prohibited by *Minno*. Finally, there is information to indicate a past ownership relationship, which was not present in *Minno*. Under the circumstances present in this case at this stage, the Magistrate Judge's reliance on *Taylor v. Keeton*, 417 F.3d 598 (6th Cir. 2005) was well-placed.

Moreover, Martin's attempt to convince the Court that the Magistrate Judge's decision was somehow contrary to law by citing to *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 895 N.E.2d 538 (2008) is not well-taken. The *Dombroski* court held that control of the corporation must have been exercised to commit fraud, an illegal

act, or a similarly unlawful act, and not merely bad faith, in order to permit piercing. 895 N.E.2d at 544. *Dombroski* in no way controls the issue of disclosure of the records Plaintiffs seek at this stage and certainly does not support Martin's assertion that the Magistrate Judge's decision was erroneous.

Regarding the insurance issue, Martin's objections are not persuasive. Plaintiffs have reason to believe that Martin exercised control over the subject real estate at certain points and seek discovery on that issue, a critical issue in this case. Applications for insurance coverage for the property made by Martin are relevant to such control and, for that reason, are discoverable pursuant to Federal Rule of Civil Procedure 26(b)(1) and, now, (c)(2). To the extent this Order alters any previous Court orders with respect to the production of Martin's insurance applications linking it to the real estate in question, this Order supercedes all such prior orders.

The Magistrate Judge's decision was neither contrary to law nor clearly erroneous. See Fed.R.Civ.P. 72. Therefore, the Court AFFIRMS the Magistrate Judge's Order of November 24, 2009, in its entirety (doc. 139) and DENIES Martin's Motion to Stay as moot.

A final word here is warranted: the Court's patience with these discovery disputes has grown thin. To clear up any ambiguity and to expedite production of the documents necessary to move this case forward, the Court ORDERS that the Magistrate Judge's Order regarding the corporate and financial documents sought by Plaintiffs hereby applies to all four Defendants, not merely Martin. The parties know what documents they need to produce, and such production must commence immediately. The Court will not tolerate further delays in getting this case to trial.

SO ORDERED.

## ORDER

TIMOTHY S. HOGAN, United States Magistrate Judge.

Before the Court are Defendant Martine Franchises, Inc.'s Motion for a Protective Order (Doc. 131) and Plaintiffs Memorandum in Opposition (Doc. 134). There is no reply brief. Oral argument took place on November 23, 2009. Plaintiffs noticing of a Rule 30(b)(6) deposition to Martin was the stimulus for Martin's Motion. After a review of the documents submitted and listening to argument, the Court grants in part and denies in part Martin's Motion for a Protective Order as follows:

■ (1) Prior to the filing of Plaintiffs' Amended Complaint in February, 2009, which Amended Complaint pleads "piercing the corporate veil," the Court had ruled that the corporate and financial records of Martin Franchises, Inc. were not relevant and therefore not discoverable in this case unless and until the Trial Judge determined that punitive damages are recoverable. However, the scope of discovery has increased in light of that filing and the Plaintiffs' discovery of certain facts tending to show a close connection between Martin and ALMI. Martin must now disclose the corporate and financial records sought by Plaintiffs. *Taylor v. Keeton*, 417 F.3d 598 (6th Cir.2005).

■ (2) A list of Martin employees performing service for ALMI and overlapping officers for the two entities may be within the Court's January 9, 20009 Order that a list of persons with knowledge of Martin's defenses be provided. However, the prior Order precluded identification of employee records and that Order is not modified. Martin must disclose these people if they are among those with knowledge of its defenses.

■ (3) The only discoverable information regarding insurance is limited to those policies which may satisfy all or any part of a favorable judgment by Plaintiffs. Obviously, this means any policy in effect and providing coverage. The Court does not agree that reports provided by insurance investigators are included within this category of discoverable materials, but does agree that any application by Martin for coverage does link Martin to the site and is discoverable, in addition to the applicable policies.

■ (4) Information concerning the Categories of Documents has been previously addressed by this Court's Order of January 9, 2009, 2009 WL 81114, and was vigorously discussed. Martin must disclose the documents "relating to laundry machine and dry cleaning machine manufacturing, testing, research, development and operations at the Norwood facility" it has or can readily obtain. In this context, it was represented that Martin has maintained some records on an old and antiquated IBM computer, which categorizes information into "fields." Martin shall disclose all the "fields" to Plaintiffs, who shall then make a specific request it seeks in relation to each "field." Martin can then manually (The computer does not print.) list the non-privileged information and disclose same to Plaintiffs. If Martin has or had other methods of record retention, other than the antiquated computer system, it must disclose that method or methods.

■ (5) The Court does not agree for a second that Martin has no knowledge of 5050 Section Ave. in Norwood, Ohio simply because it never occupied the premises nor had any ownership interest in the premises. The property is, after all, across the street from 4949 Section Ave., which is the primary subject of this litigation and it is argued that both became polluted from the same source. Martin's Rule 30(b)(6) designee may be questioned about Martin's knowledge of 5050 Section Ave. and the operations which occurred there.

Defendant Martin's Motion for a Protective Order is granted in part and denied in part as discussed above.

November 23, 2009.