[Cite as *Secrest v. Gibbs*, 2015-Ohio-42.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


DEAN SECREST, et al.,                    :        **O P I N I O N**

             Plaintiffs-Appellants,        :

     - vs -                                      :        **CASE NO. 2014-L-004**

ROBERT GIBBS, et al.,                    :

             Defendants-Appellees.        :


Civil Appeal from the Lake County Court of Common Pleas, Case No. 12 CV 002676.

Judgment: Affirmed.


*David S. Brown* and *Robert B. Weltman,* Weltman, Weinberg & Reis Co., L.P.A., 323 West Lakeside Avenue, Suite 200, Cleveland, OH 44113-1099 (For Plaintiffs-Appellants).

*Donald A. Richer,* 270 Main Street, #160, P.O. Box 1575, Painesville, OH 44077-1575 (For Defendants-Appellees).


CYNTHIA WESTCOTT RICE, J.

{¶1}  Appellants, Dean and Diane Secrest ("Secrests"), appeal from the judgment of the Lake County Court of Common Pleas, entering summary judgment in favor of appellees, Robert Gibbs, 270 Main Street, Inc., Morgan Brice, Ltd., and Estarr, Inc. For the reasons discussed in this opinion, we affirm.

{¶2}  In August 2002, in Case No. 99 CV 001635, the Secrests obtained a jury verdict in the amount of $235,000 against Robert Gibbs and two of his companies, Hazelwood Builders, Inc., and R.E.G., Inc. In May 2003, the Secrests were awarded

$25,000 in attorney fees. They filed a certificate of judgment lien in Lake County, thereby successfully encumbering any property owned by Mr. Gibbs, Hazelwood Builders, Inc., or R.E.G., Inc. Mr. Gibbs and his corporations appealed the verdict as well as the award of attorney fees and, in *Secrest v. Gibbs*, 11th Dist. Lake No. 2003-L-083, 2005-Ohio-2074, this court affirmed the trial court on all issues raised. Notwithstanding the Secrests' success, neither Mr. Gibbs, nor Hazelwood Builders, Inc., nor R.E.G., Inc. has ever satisfied the judgment.

{¶3} In January 2004, 270 Main Street, Inc., filed a foreclosure action against Hazelwood Builders, Inc. and the Secrests in Case No. 04 CF 000189.[1] The property upon which the foreclosure was premised was real estate at 10447 Johnnycake Ridge Road that was owned by Hazelwood.

{¶4} The Secrests filed a counterclaim, cross-claim, and third-party complaint in the foreclosure. In December 2004, the property was sold to 270 Main Street, Inc. for $160,000 which, in turn, assigned its bid to Morgan Brice, Ltd. Upon 270 Main Street's motion, the counterclaim, cross-claim, and third-party complaint were severed from the foreclosure action; the record indicates, however, the matters at issue in the counterclaim, cross-claim, and third-party complaint remain unresolved.

{¶5} After the foreclosure, Hazelwood Builders, Inc. was left without assets to pay the Secrests' 2002 judgment. And, in November 2008, Robert Gibbs was deposed in aid of execution. Mr. Gibbs testified he was not employed by 270 Main Street, Inc., Morgan Brice, Ltd., or Estarr, Inc.,; that he did not receive any income from these

---

1. The Secrests were included in the foreclosure as parties who may have an interest in the property at issue. Their ostensible interest was a permanent driveway easement Hazelwood possessed on their property; events relating to this easement triggered the filing of Case No. 99 CV 001635.

entities; that he did not control the assets of these entities; and that he did not have assets sufficient to satisfy the Secrests' judgment.

{¶6} On October 4, 2012, the Secrests filed the underlying complaint for declaratory judgment, attempting to obtain post-judgment relief. The complaint listed numerous real estate properties owned by 270 Main Street, Inc., Morgan Brice, Ltd., and Estarr, Inc., and documented transfers of these properties among the various appellees by quit claim and other deeds.

{¶7} In the complaint, the Secrests sought a declaration that 270 Main Street, Inc., Morgan Brice, Ltd., and Estarr, Inc., are alter egos of Mr. Gibbs, and thus requested that any asset owned by these entities be declared an asset of Mr. Gibbs; the Secrests also sought to pierce the corporate veil and alleged a claim for successor liability. The Secrests sought judgment in the amount of $447,501.25, together with interest from July 24, 2012, at the rate of 10 per cent per annum on the principal sum of $235,000. The Secrests further sought an order "acknowledging the fraud" perpetrated upon them by Mr. Gibbs and an order from the court instructing the Lake County Clerk of Courts and Lake County Recorder to acknowledge a legal or equitable lien on the real estate set forth in the complaint; finally, the Secrests sought the appointment of a receiver to take possession of Mr. Gibb's interests in the corporate defendants as well as the real estate listed in the complaint. The complaint did not specifically allege fraud or fraudulent conveyance as a cause or causes of action.

{¶8} In August 2013, Evelyn L. Gibbs, wife of Mr. Gibbs, was deposed. Mrs. Gibbs testified she is the sole owner and shareholder of 270 Main Street, Inc., Morgan Brice, Ltd., and Estarr, Inc. She asserted Mr. Gibbs worked for her and she provided for

3

all his needs and expenses. She maintained, however, Mr. Gibbs was not her employee and was not an employee for any of her companies.

{¶9} Mr. Gibbs was also deposed in August 2013. He testified he resides on property owned or controlled by his wife, and his wife provides for all of his needs. Mr. Gibbs confirmed that he has not paid the judgment to the Secrests and will not because he has no income or assets. He testified, however, he receives monthly social security checks in the amount of $925 per month. He maintains he has never drawn on this account because, as of his deposition, there was no need to access these funds.

{¶10} Appellees filed a motion for summary judgment, in which they argued the Secrests' claims are barred by the applicable statutes of limitations. They asserted that, even though the Secrests' sought declaratory judgment, the essence of the complaint sounded in fraud. Appellees pointed out that the allegations in the Secrests' complaint indicated appellees engaged in fraud or fraudulent transfers. Appellees pointed out that the Secrests' exhibits, which were copies of various deeds relating to property transfers, all implied appellees fraudulently conveyed the subject properties to make them, in effect, judgment proof. Appellees asserted, however, the statute of limitations for fraud or fraudulent transfers is four years from the date the fraud could have reasonably been discovered. To the extent the alleged fraudulent transfers were recorded, appellees argued the Secrests were charged with knowledge of the transfers on the relevant dates, the latest of which was 2004. Because the four-year statutory period had passed, appellees concluded the Secrests were barred from asserting a fraud or fraudulent transfer claim.

{¶11} Appellees further asserted that the Secrests' counts asserting alter ego and piercing the corporate veil must fail because they are merely doctrines permitting

4

recovery of damages from a corporation's shareholders. Hence, absent an underlying tort or breach of contract claim, such theories set forth no independent cause of action. Appellees further argued that ownership is an essential factor in determining whether the doctrines of alter ego or piercing the corporate veil apply. Because Mr. Gibbs is not an owner of any of the companies, appellees concluded these theories must fail as a matter of law.

{¶12} Finally, appellees asserted that the defendant corporations cannot be held successors to the liability of the previous defunct corporations or Mr. Gibbs. Appellees maintained that there is nothing in the Secrests' complaint to indicate the defendant-corporations did anything that could subject them to liability as successors to the defunct corporations. Thus, appellees concluded the defendant corporations could not be held liable to the seller corporations' debts or obligations.

{¶13} The Secrests, in their memorandum in opposition to appellees' motion for summary judgment, conceded they did indeed seek to hold Mr. Gibbs and the corporate defendants liable for fraud or fraudulent transfer; they contended, however, there was an issue for trial as to when the fraud occurred. To wit, the Secrests alleged there was a genuine issue of material fact regarding whether Mr. Gibbs, in his November 2008 deposition, fraudulently testified he had no interest in or control over the corporate defendants. Because they filed their complaint in October 2012, the Secrests maintained there was a triable issue on whether the statute of limitations barred their complaint.

{¶14} The Secrests further asserted there were issues of material fact regarding whether they could hold Mr. Gibbs liable as an alter ego of the defendant companies as well as whether they could pierce the corporate veils of those companies. In support,

5

they maintain the depositions of Mr. and Mrs. Gibbs were replete with examples of how Mr. Gibbs is the individual who controls the entities on a day-to-day basis. Thus, the Secrests maintained, the inference could be drawn that the alleged fraud in which Mr. Gibbs engaged was accomplished to avoid his creditors.

{¶15} On December 11, 2013, the trial court issued an order granting appellees summary judgment. In its judgment the court concluded appellees' statute of limitations argument was persuasive. The court observed:

{¶16} Nowhere in the complaint is there any allegation that Robert Gibbs committed fraud or perjury during his debtor's examination on November 6, 2008. The gravamen of their complaint is that Robert Gibbs and his wife engaged in a variety of transactions to shield his assets from his judgment creditors and that these acts occurred in the 2004 time frame when the only real asset of Hazelwood Builders, Inc. was sold to an entity controlled by his wife. The complaint alleged that his other real estate assets were transferred by quit claim or other deeds to his wife or entitles controlled by his wife prior to 2004. These actions effectively rendered Robert Gibbs judgment proof. These transactions occurred well outside the applicable statute of limitations for this case.

{¶17} The court consequently found there are no genuine issues of material fact to be litigated because the claims were barred by the applicable statute of limitiations.

{¶18} The court further agreed with appellees that the Secrests' counts alleging alter ego and piercing the corporate veil are not substantive claims for relief unto themselves. The court determined that the Secrests' attempts to pierce the corporate

6

veil and to hold Mr. Gibbs responsible as an alter ego were improper because "they are means of imposing liability on an underlying cause of action such as a tort or breach of contract." The court consequently concluded appellees were entitled to summary judgment on these counts.

{¶19} The Secrests now appeal and assign four errors for this court's review. Their first assignment of error provides:

{¶20} "The trial court committed reversible error by granting summary judgment based upon the four (4) year statute of limitations for fraud (R.C. 2305.09) and or fraudulent transfer (R.C. 1336.09), instead of the ten (10) year catch-all statute of limitations outlined in R.C. 2305.14, which is applicable to actions seeking equitable relief."

{¶21} Under this assignment of error, appellants assert, for the first time on appeal, their complaint for declaratory judgment did not allege a tort for fraud or a claim for fraudulent conveyance. Instead, appellants contend their complaint sought to attach Mr. Gibbs' equitable interests in the assets of the appellee corporations. In particular, they claim their causes of action were premised upon R.C. 2333.01, which provides:

{¶22} When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in

the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.

{¶23} Moreover, R.C. 2305.14 provides:

{¶24} "An action for relief not provided for in sections 2305.04 to 2305.131 and section 1304.35 of the Revised Code shall be brought within ten years after the cause thereof accrued. This section does not apply to an action on a judgment rendered in another state or territory."

{¶25} Appellants contend that, because their declaratory judgment action was based solely in equity, the ten-year, catch-all statute of limitations set forth under R.C. 2305.14 governs their cause of action. Thus, they maintain, the trial court erred in applying the four-year limitations period governing fraud and fraudulent transfers.

{¶26} First, appellants are correct that R.C. 2305.14 is applicable to actions premised exclusively in equity. *See e.g. Biggins v. Garvey*, 90 Ohio App.3d 584, 606 (11th Dist.1993). Appellants' complaint for declaratory judgment, however, was neither based solely in equity nor did it seek relief pursuant to R.C. 2333.01. Furthermore, appellants did not even argue R.C. 2333.01 as a potential basis for avoiding summary judgment in the memorandum in opposition.

{¶27} Even though appellants maintain on appeal that their complaint was not premised upon fraud or fraudulent transfer, in their memorandum in opposition, they appeared to concede that each of their three expressly pleaded counts was premised upon Mr. Gibbs' purported fraudulent misrepresentation. In doing so, they conceded that the four-year statute of limitations period governing fraud was applicable to their complaint. In order to avoid the time bar, however, they asserted their causes of action did not accrue until Mr. Gibbs' November 2008 deposition; the point at which appellants

8

alleged that Mr. Gibbs made fraudulent statements about the nature of his role(s) in the defendant companies. It is therefore clear from appellants' complaint as well as their argumentation during summary judgment, that the matter was *not* premised exclusively in equity. This, unto itself, is sufficient to place appellants' cause outside the catch-all provision set forth under R.C. 2305.14.

**{¶28}** More problematic, however, is appellants' failure to raise their current argument in the lower court. It is well established that "[i]ssues not raised in the lower court and not there tried and which are completely inconsistent with and contrary to the theory upon which appellants proceeded below cannot be raised for the first time on review." *See e.g. Republic Steel Corp. v. Bd. of Revision of Cuyahoga Cty.*, 175 Ohio St. 179 (1963), syllabus. Appellants' position on appeal is not only completely inconsistent with the position they took during the summary judgment exercise, their current theory was not even advanced as a cause for relief in their complaint. As a result, appellants have waived their argument premised upon R.C. 2333.01.

**{¶29}** Given the manner in which the issues were pleaded and argued below, we conclude the trial court correctly applied the four-year statute of limitations to appellants' claims. We therefore hold appellees were entitled to judgment as a matter of law.

**{¶30}** Appellants' first assignment of error is without merit.

**{¶31}** Appellants' second assignment of error provides:

**{¶32}** "The trial court committed reversible error by failing to recognize that veil piercing and alter ego concepts are distinct, and holding that count one of Plaintiffs-Appellants' Complaint – the allegation of Alter Ego – was not in itself a claim for substantive relief."

9

{¶33} Appellants argue the trial court committed reversible error when it determined its allegation premised upon the alter ego doctrine was not a cognizable claim for substantive relief.

{¶34} In granting appellees summary judgment on the foregoing issue, the trial court relied upon an argument advanced by appellees in their motion for summary judgment; namely, that claims based upon either alter ego or veil piercing are not, in themselves, claims for substantive relief. In effect, therefore, standing alone, they create no independent causes of action. Appellees' argument and the trial court's conclusion were supported by both Ohio and Federal case law. *See Union Bank Co. v. Car Mart Auto Group, Inc.*, 3d Dist. Putnam No. 12-12-06, 2012-Ohio-5944, ¶25; *Hodak v. Madison Cap. Mgmt., LLC*, 348 Fed. Appx. 83 (6th Cir.1009).

{¶35} Appellants were on notice of this argument. Appellants, however, did not attempt to distinguish their alter ego allegation as a separate claim for substantive relief. Instead, appellants merely noted that piercing the corporate veil is proper under circumstances where a shareholder is an "alter ego" of the corporation itself. Consequently, they did not specifically contest appellees' argument. In their memorandum in opposition, appellants simply asserted, in a somewhat conclusory fashion, they properly sought to pierce the corporate veil because, they alleged, the corporate defendants were used as a means to avoid Mr. Gibbs' creditors.

{¶36} Similar to their first assignment of error, appellants failed to advance the position they assert on appeal in the lower court. Their argument is consequently waived.

{¶37} Even if the argument was not waived, however, the position appellants took in the trial court serves to defeat their contention on appeal. In their memorandum

in opposition to appellees' motion for summary judgment, appellants conceded their causes of action were premised upon alleged fraudulent misrepresentations made by Mr. Gibbs during his 2008 deposition. We appreciate that fraud is not an essential ground for the alter-ego doctrine to apply; in this case, however, appellants admitted it was the foundation upon which they premised their claims. For this additional reason, appellants' position is without merit.

**{¶38}** Appellants' second assignment of error lacks merit.

**{¶39}** Appellants' third assignment of error provides:

**{¶40}** "The trial court committed reversible error by granting summary judgment in favor of Defendants-Appellees without first considering Plaintiffs-Appellants' claim for successor liability."

**{¶41}** Appellants contend the trial court's judgment relating to their successor liability claim should be reversed to the extent it completely failed to address the issue. We do not agree.

**{¶42}** In concluding appellants' claims were time barred by the applicable statute of limitations for fraud, the trial court underscored its ruling "specifically [applied to] count three." Count three was appellants' successor liability claim.

**{¶43}** The Ohio Supreme Court has observed that a successor corporation may be held liable when "(1) the buyer corporation expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a de facto consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability" *Welco Indus., Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 347 (1993).

11

{¶44} The fourth circumstance upon which a successor liability claim may be premised is a fraudulent act and therefore presupposes a claimant has a viable claim for fraud. Although appellants argued in the trial court they had sufficient evidence of fraud that had occurred in Mr. Gibbs' 2008 deposition, the trial court found that appellants' complaint failed to allege this act as a basis for their claims; instead, the court determined that the only alleged fraud that had been impliedly pleaded consisted of the various transfers of real estate from defunct companies to the corporate defendants. And the last transfer occurred in 2004. Because of this, the court found appellants' allegations premised upon fraud were time-barred. As any fraud claim alleged in the complaint was barred by the four-year statute of limitations, appellants had no viable fraud claim upon which they might premise their successor liability claim.

{¶45} It also bears noting that appellants failed to contest appellees' motion for summary judgment on the successor liability claim in their memorandum in opposition. Even though the *Welco* test sets forth a disjunctive test in which four separate circumstances would permit a claim for successor liability, appellants, whether intentionally or by oversight, did not positively argue any circumstance applied. The trial court, in entering summary judgment in appellees' favor, apparently construed appellants' memorandum in opposition to tacitly argue the fourth circumstance. It did so, most likely, because appellants were entitled to have the facts and evidence construed in its favor. Where, however, a party offers no opposition and alleges no specific facts or evidentiary materials that could be construed in its favor, it does so to its peril.

{¶46} We acknowledge that appellants' complaint asserted the corporations at issue were essentially continuations of the seller corporation; Civ.R. 56(E) nevertheless

12

makes it clear that a non-moving "party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Where, as here, the party has failed to make any argument or provide any evidentiary material to overcome a motion for summary judgment, that party has, in effect, conceded the issue to the movant. For the foregoing reasons, the trial court did not err in granting appellees summary judgment on appellants' claim for successor liability.

{¶47} Appellants' third assignment of error lacks merit.

{¶48} For their fourth assignment of error, appellants assert:

{¶49} "The trial court committed reversible error by choosing to grant summary judgment instead of consolidating Case No. 12 CV 002676 with Case No. 04 CF 000189."

{¶50} In the instant matter, appellees filed two motions to dismiss, arguing the underlying complaint should be dismissed because appellants had related claims pending in Lake County Court of Common Pleas, Case No. 04 CF 000189. In both instances, appellants opposed the motion and requested the court to either deny the motions or consolidate this matter with Case No. 04 CF 000189. The trial court elected to deny the motions to dismiss.

{¶51} Appellants assert the trial court abused its discretion by refusing to consolidate the underlying matter with Case No. 04 CF 000189. Appellants, however, failed to affirmatively move the court to do so. Appellants, in their response to appellees' arguments to dismiss, asked the court to *either* deny the motions *or*

13

consolidate the cases. In denying the motions to dismiss, the court did not refuse to consolidate as much as it determined the motions to dismiss lacked merit. Appellants did not independently move to consolidate the matters and, as a result, there was no decision by the court denying consolidation.

{¶52} Appellants' final assignment of error lacks merit.

{¶53} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.

COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Dissenting Opinion.

{¶54} The majority affirms the decision of the lower court by construing all the Secrests' claims as claims for fraud and, consequently, time-barred under the four-year statute of limitations for fraud. A fair appraisal of the Secrests' Complaint demonstrates that it raises valid claims of alter ego and successor liability irrespective of the allegedly fraudulent underlying transfers. While I concur in the dismissal of the Secrests' claim for piercing the corporate veil, I dissent and would reverse the judgment of the lower court with respect to their claims of alter ego and successor corporation liability.

{¶55} The Secrests' Complaint sought, inter alia, "declaratory judgment which confirms that the Defendant corporations, 270 Main Street, Inc., Estarr Inc., and Morgan

14

Brice, Ltd., are the alter egos of the Defendant, Robert Gibbs, and successors to previous entities owned and operated by the Defendant, Robert Gibbs * * *."

**{¶56}** The defendants moved for summary judgment, in relevant part, based on the argument that "the gist of the Complaint actually sounds in fraud," and the statute of limitations for fraudulent conveyances had run.  R.C. 2305.09.

**{¶57}** With respect to alter ego liability, the Secrests rely on authority distinguishing such liability from liability based on piercing the corporate veil: "[V]eil piercing and alter ego concepts are distinct.  The former asks a court to hold A vicariously liable for B's debts, while the latter asserts that A and B are the same entity and therefore liability is direct."  *United States v. Parenteau*, 976 F.Supp.2d 978, 979 (S.D.Ohio 2013), quoting *Fisher v. Slone*, 296 Fed.Appx. 494, 506 (6th Cir.2008).

**{¶58}** In deciding whether the company is an alter ego of the individual, Ohio courts consider such factors as:

(1) grossly inadequate capitalization, (2) failure to observe corporate formalities, (3) insolvency of the debtor corporation at the time the debt is incurred, (4) shareholders holding themselves out as personally liable for certain corporate obligations, (5) diversion of funds or other property of the company property for personal use, (6) absence of corporate records, and (7) the fact that the corporation was a mere facade for the operations of the dominant shareholder(s).

*Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 605 (6th Cir.2005), citing *LeRoux's Billyle Supper Club v. Ma*, 77 Ohio App. 3d 417, 422-423, 602 N.E.2d 685 (6th Dist.1991).

**{¶59}** "It has been held that, 'in applying the "instrumentality" or "alter ego" doctrine, the courts are concerned with reality and not form, with how the corporation

15

operated and the individual defendant's relationship to that operation[;]' * * * in certain instances, courts have looked beyond the issues of ownership interest or title to determine whom the controlling party really is." (Citation omitted.) *Sanderson Farms, Inc. v. Gasbarro*, 10th Dist. Franklin No. 01AP461, 2004-Ohio-1460, ¶ 36.

**{¶60}** Significantly for the present case, "[t]hough fraud is a frequent ground for application of the alter ego doctrine, it is not essential." *Bucyrus-Erie Co. v. Gen. Prods. Corp.*, 643 F.2d 413, 419 (6th Cir.1981); *Kuempel Serv., Inc. v. Zofko*, 109 Ohio App.3d 591, 597, 672 N.E.2d 1026 (1st Dist.1996).

**{¶61}** The Secrests allege in their Complaint that "Defendant, Robert Gibbs, is indistinguishable from, or the 'alter ego' of the Defendants, 270 Main, Estarr Inc., and Morgan Brice." In opposition to the defendants' motion for summary judgment, the Secrests attached deposition testimony suggesting that Robert Gibbs' interest in these corporations was indistinguishable from that of his wife, their nominal owner ("really everything I [wife] did, he [Robert] did").

**{¶62}** The majority fails to address this case law, noting, instead, that the Secrests "did not attempt to distinguish their alter ego allegation as a separate claim for substantive relief." *Supra* at ¶ 35. On the contrary, the Secrests identified their alter ego theory of liability as a separate count in their Complaint for which they sought a specific declaration that the defendant corporations are the alter ego of Robert Gibbs. The defendants did not challenge the substance of the alter ego claim, but, rather, argued that it should be construed as a fraud claim. Unlike a claim to pierce the corporate veil so as to hold corporate shareholders liable, alter ego liability does not require fraud or an identified ownership interest. The issue is not whether assets were fraudulently transferred to the defendant corporations. It is whether the defendant

16

corporations have any existence independent of Robert Gibbs and, if not, whether it would be inequitable to exempt the assets of those corporations from attachment by his creditors.

{¶63} The Secrests cannot be faulted for not developing their alter ego argument more fully where summary judgment was not sought based on the merits of that claim.

{¶64} With respect to the Secrests' successor liability claim, the majority cites the lead Ohio Supreme Court case for the proposition that a successor corporation may be held liable where "(1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a de facto consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability." (Citation omitted.) *Welco Indus., Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 347, 617 N.E.2d 1129 (1993).

{¶65} Contrary to the allegations in the Complaint, the majority maintains that the Secrests "did not positively argue any circumstance [for successor corporation liability] applied." *Supra* at ¶ 45. Rather, count three of the Secrests' Complaint alleging successor liability is not based on fraud, but on the claim that the initial and successor corporations were alter egos of defendant, Robert Gibbs, i.e., that the buyer corporation was merely a continuation of the seller corporation.

{¶66} The majority affirms the dismissal of the Secrests' entire Complaint on the grounds that the four-year statute of limitations for fraud had expired, despite the existence in the Complaint of claims for alter ego and successor liability not based on fraud. Yet, the majority repeatedly asserts that the Secrests "admitted [fraud] was the foundation upon which they premised their claims" based on their response to the defendants' motion for summary judgment. *Supra* at ¶ 37.

17

**{¶67}** The majority errs by imputing to the Secrests' opposition to summary judgment a definitive statement of their claims, even in derogation of claims expressly raised in the Complaint. In a summary judgment exercise, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). In the present case, the defendants did not challenge the substantive allegations in the Complaint, but based their motion on the affirmative defense of the statute of limitations. To the extent that the Secrests' allegations were based on fraud, they would have been properly dismissed. Dismissal on limitations grounds is "not on the merits in the sense that the underlying substantive claim has been adjudicated," and "is in no way dependent on nor reflective of the merits—or lack thereof—in the underlying action." (Citations omitted.) *Friel v. Swartz*, 10th Dist. Franklin No. 11AP-277, 2012-Ohio-2405, ¶ 17. Since the substance of Secrests' alter ego and successor liability claims was not challenged in the motion for summary judgment, there was nothing for the Secrests to overcome with respect to these claims in their opposition to summary judgment.

**{¶68}** In sum, the defendants' position that all the Secrests' claims were based on fraud is contradicted by the face of the Complaint. The burden of producing evidence did not shift to the Secrests with respect to their alter ego and successor liability claims.

**{¶69}** With respect to the Secrests' claim for piercing the corporate veil, I concur that summary judgment was properly entered in that the defendants introduced uncontroverted evidence that Robert Gibbs had no ownership interest in the defendant corporations. *Minno v. Pro-Fab, Inc.*, 121 Ohio St.3d 464, 2009-Ohio-1247, 905 N.E.2d 613, syllabus.

**{¶70}** For the foregoing reasons, I would reverse the grant of summary judgment with respect to the Secrests' claims of alter ego and successor corporation liability and respectfully dissent.