[Cite as *Fast Tract Title Servs., Inc. v. Barry*, 2022-Ohio-1943.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| FAST TRACT TITLE SERVICES, INC., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 110939 |
| v. | : | |
| DENVER BARRY, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** June 9, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-897291

---

### *Appearances:*

L. Bryan Carr, *for appellee.*

Andrew J. Karas, *for appellant.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Denver Barry ("Barry"), appeals from the trial court's judgment, rendered after a jury trial, finding him personally liable for fraud under a claim of piercing the corporate veil and awarding plaintiff-appellee, Fast

Tract Title Services, Inc. ("Fast Tract"), compensatory damages, punitive damages, and attorney fees. For the reasons that follow, we vacate the trial court's judgment.

## I. Background

{¶ 2} On May 7, 2018, Fast Tract filed suit against Barry asserting a fraud claim in Count 1 of the complaint and, in Count 2, that it was entitled to pierce the corporate veil of 1129 Summit L.L.C., an entity of which Barry is a member, to find Barry personally liable on its fraud claim.

{¶ 3} Paragraphs one through five of the complaint set forth the fact of Fast Tract's corporate entity and its address; Barry's home address and the fact that he is a member of 1229 Summit; the propriety of jurisdiction in Cuyahoga County; and an allegation that on May 22, 2017, Fast Tract was awarded a judgment in the amount of $16,319.56 against 1229 Summit in Cuyahoga C.P. No. CV-16-860137.

{¶ 4} Paragraphs six through nine of the complaint, captioned "Count I," set forth Fast Tract's fraud claim against Barry as follows:

> 6. Plaintiff re-alleges and re-avers each and every allegation set forth in Paragraphs 1 through 5 above as if fully rewritten herein.
>
> 7. The Defendant made multiple representations to Plaintiff and concealed material facts which Defendant knew were false and/or which Defendant made with utter disregard and recklessness as to whether the representations were true or false.
>
> 8. The Defendant had the intent of misleading Plaintiff into relying upon his false and misleading representations (and concealment). Plaintiff's reliance was justifiable.
>
> 9. Defendant's fraud resulted in injury to the Plaintiff.

**{¶ 5}** Count II was set forth in paragraphs 10 through 16 of the complaint. Count 10 realleged the allegations set forth in paragraph one through nine. Paragraph 11 alleged that "the fiction known as 1229 Summit should be disregarded" because

> (a) it is used, or is being used, as a means of perpetrating a fraud upon Plaintiff; (b) 1229 Summit was organized and operated as a tool or business conduit of Defendant; (c) 1229 Summit is resorted to as a means of evading existing legal obligations; (d) 1229 Summit is used to circumvent a statute; and (e) 1229 Summit is relied upon as a protection to justify a wrong.

Paragraph 12 alleged that "1229 should not shield fraud, evade existing obligations, circumvent statute and the like. This abuse necessitates disregarding 1229 Summit. As a result, the 'corporate veil' of 1229 Summit should be pierced to provide that Defendant is liable to Plaintiff in/for its judgment against 1229 Summit."

**{¶ 6}** Paragraph 13 of the complaint repeated the reasons for piercing the corporate veil set forth in paragraph 11 of the complaint and added that "1229 was inadequately capitalized and unable to pay its debts" and again, that "1229 perpetrated fraud." Paragraph 14 alleged that "[t]he control the Defendant had over 1229 Summit was so complete that 1229 Summit had no separate mind, will or existence of its own." Paragraphs 15 and 16 of the complaint asserted that "[t]he control the Defendant had over 1229 Summit was exercised in such a manner as to commit fraud and other unlawful acts upon the Plaintiff" and "Defendant's actions resulted in damages to Plaintiff."

{¶ 7} Barry subsequently filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), arguing that Fast Tract's fraud complaint was not pled with particularity, as required by Civ.R. 9(B), thereby requiring dismissal of the complaint for failure to state a claim upon which relief could be granted. Fast Tract filed a brief in opposition to Barry's motion, arguing that "what is before this court is not a fraud case" and that "Civil Rule 9 has absolutely no relevance to this case whatsoever" because Fast Tract was "seeking to pierce the corporate veil/disregard the corporate entity," a claim it contended was adequately set forth in its complaint. The trial court denied Barry's motion to dismiss. The court also denied Barry's later-filed motion for summary judgment.

{¶ 8} At trial, the proceedings were bifurcated to allow the jury to consider liability and punitive damages in separate phases. Following the liability phase, the jury found Barry liable for fraud and awarded Fast Tract $26,000 in compensatory damages. The jury also found for Fast Tract on its claim for piercing the corporate veil but awarded $0 in damages. Following argument and instructions regarding punitive damages, the jury awarded Fast Tract $10,000 in punitive damages plus attorney fees in an amount to be determined by the court. After a hearing, the court awarded Fast Tract $26,952.72 in attorney fees. Later, following post-trial motion practice, the trial court reduced the compensatory damage award to $21,267.02. Barry now appeals.

## II. Civ.R. 12(B)(6) Motion to Dismiss

{¶ 9} In his first assignment of error, Barry contends that the trial court erred in denying his Civ.R. 12(B)(6) motion to dismiss the complaint because Fast Tract did not plead its fraud claim with particularity, as required by Civ.R. 9(B).

{¶ 10} In *Hersh v. Grumer*, 2021-Ohio-2582, 176 N.E.3d 1135, ¶ 5 (8th Dist.), this court reiterated the appropriate standard of review regarding Civ.R. 12(B)(6) motions to dismiss as follows:

> We review rulings on Civ.R. 12(B)(6) motions to dismiss under a de novo standard. "A motion to dismiss for failure to state a claim upon which relief can be granted in procedural and tests the sufficiency of the complaint. * * * Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 n.E.2d 869, ¶ 1 (8th Dist.). "'For a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.'" *Graham v. Lakewood*, 8th Dist. Cuyahoga No. 106094, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 47, quoting *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2018-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.)

{¶ 11} The elements of fraud are: (1) a representation of fact (or where there is a duty to disclose, concealment of a fact); (2) that is material to the transaction at issue; (3) made falsely, with knowledge of its falsity or with utter disregard and recklessness as to whether it is true or false; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the misrepresentation (or concealment); and (6) resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984).

{¶ 12} Civ.R. 9(B) states that "[i]n all averments of fraud * * *, the circumstances constituting fraud * * * shall be stated with particularity." The rule "places a higher burden than is normally required upon the person asserting such a claim to support general allegations with specific facts." *Reasoner v. State Farm Mut. Auto. Ins. Co.*, 10th Dist. Franklin No. 01AP-490, 2002-Ohio-878, 20-21. To comply with the Civ.R. 9(B) requirement, "'the pleading must contain allegations of fact which tend to show each and every element of a cause of action for fraud.'" *Parmatown S. Assn. v. Atlantis Realty Co.*, 8th Dist. Cuyahoga No. 106503, 2018-Ohio-2520, ¶ 7, quoting *Minaya v. NVR Inc.*, 2017-Ohio-9019, 103 N.E.3d 160, ¶ 11 (8th Dist.). "This means that a defendant must state 'the time, place, and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud.'" *Cord v. Victory Solutions, L.L.C.*, 8th Dist. Cuyahoga No. 106006, 2018-Ohio-590, ¶ 14, quoting *Carter Jones Lumber Co. v. Denune,* 132 Ohio App.3d 430, 433, 725 N.E.2d 330 (10th Dist.1999). Such particularity is required to both apprise the opposing party of the act that is the subject of the fraud claim and to allow the opposing party to prepare an effective defense. *Turner v. Salvagnini Am., Inc.*, 12th Dist. Butler No. CA 2007-09-233, 2008-Ohio-3596, ¶ 26.

{¶ 13} Fast Tract's fraud claim was clearly not pled with sufficient particularity. Its vague allegations that Barry made "multiple representations" and "concealed material facts" with the "intent of misleading" Fast Tract into relying on the representations are wholly insufficient under the heightened pleading standard

of Civ.R. 9(B) to state a fraud claim with particularity. The complaint does not specify the time, place, and content of the alleged false representations, nor does it state what was obtained or given as a result of the alleged representations. *See Stancik v. Deutsche Natl. Bank*, 8th Dist. Cuyahoga No. 102019, 2015-Ohio-2517, ¶ 51-52 (fraud claim not pled with particularity where complaint did not specify the time, place, and content of the alleged material false representation). In short, the complaint does not contain facts that, if true, would establish all the elements of a fraud claim.

{¶ 14} As noted above, in its brief in opposition to Barry's motion to dismiss, Fast Tract argued that the motion should be denied because the case was "not a fraud case," and instead, it was attempting to pierce the corporate veil to find Barry personally liable for Fast Tract's judgment against 1229 Summit, a claim that Fast Tract asserted was adequately pled in its complaint. The problem with Fast Tract's argument is that it was indeed asserting a fraud claim against Barry.

{¶ 15} The principle that shareholders of a corporation are generally not liable for the debts of the corporation is "ingrained in Ohio law." *Dombroski v. Wellpoint, Inc.,* 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 16. Nevertheless, "in certain circumstances, the corporate form may be disregarded, and the corporate veil pierced, for the purpose of reaching the assets of the corporation's individual shareholders." *Minno v. Pro-Fab, Inc.*, 121 Ohio St.3d 464, 2009-Ohio-1247, 905 N.E.2d 613, ¶ 8. "Where a shareholder misuses the corporate form as a shield from liability for their own misdeeds, Ohio law will permit piercing

of the corporate veil as a rare exception to the guiding principles of limited shareholder liability." *Unites States Bank Natl. Assn. v. MMCO, L.L.C.*, 8th Dist. Cuyahoga No. 110246, 2021-Ohio-4605, ¶ 58, citing *Dombroski* at ¶ 17, 26.

{¶ 16} Under the three-prong test set forth by the Ohio Supreme Court, a party seeking to pierce the corporate veil must prove that:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own; (2) control over the corporation by those to be held liable was exercised in such as manner as to commit fraud or an illegal act or a similarly unlawful act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos.*, 67 Ohio St.3d 274, 617 N.E.2d 1075 (1963), paragraph three of the syllabus, as modified by *Dombroski* at ¶ 29.

{¶ 17} Significant to this case, under Ohio law, piercing the corporate veil is not an independent cause of action. *RCO Internatll. Corp. v. Clevenger*, 180 Ohio App.3d 211, 2008-Ohio-6823, 904 N.E.2d 941, ¶ 11 (10th Dist.); *Geier v. Natl. GG Indus., Inc.*, 11th Dist. Lake No. 98-L-172, 1999 Ohio App. LEXIS 6263, 10 (Dec. 23, 1999). Rather, "it is a remedy encompassed within a claim. It is a doctrine wherein liability for an underlying tort may be imposed upon a particular individual." *RCO Internatl. Corp* at *id.*; *see also Fifth Third Bank v. Diversified Transp. Servs.*, C.P. Lucas No. CI 09-2373, 2010-Ohio-Misc. LEXIS 547 (Jan. 14, 2010), quoting 18 Am. Jur. 2d Corporations § 47 ("Piercing the corporate veil 'is not itself an action but is merely a procedural means of allowing liability on a substantive claim.'").

{¶ 18} A plaintiff seeking to recover under the doctrine of piercing the corporate veil is not required to demonstrate fraud in order to meet the second prong of the *Beveldere-Dombroski* test; a plaintiff can also demonstrate that the defendant committed "an illegal act or a similarly unlawful act." *Dombroski*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, syllabus. However, "a plaintiff who seeks to satisfy the *Belvedere-Dombroski* test by alleging fraud must meet the heightened pleading requirements imposed by Rule 9(B)." *Kurtz Bros. v. Ace Demo, Inc.*, 11th Dist. Portage No. 2014-P-0027, 2014-Ohio-5184, ¶ 28. *Id.* at ¶ 29, citing *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir.2006) ("When a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to [Rule 9(B)].").

{¶ 19} It is apparent that Fast Tract sought to pierce the corporate veil on the basis of Barry's alleged fraud. Paragraphs 9 and 12 of the complaint specifically stated that Barry's "fraud" resulted in injury to Fast Tract and that Barry's control over 1229 Summit was exercised in such a manner as to "commit fraud" on Fast Tract.

{¶ 20} At trial, Fast Tract's counsel argued that various exhibits produced by Fast Tract at trial should be admitted because "all of these documents are relevant to the issue at hand. The issue at hand is not only piercing the corporate veil, *it's fraud.*" (Emphasis added.) (Tr. 341.) Later, when the trial court was considering Barry's renewed motion for a directed verdict at the close of the evidence, Fast Tract's counsel told the judge that Barry's "fraud" consisted of a series of actions

related to the sale of real estate and subsequent litigation: "Well, Your Honor, the fraud with regard to jury instruction number eight, the fraud not only constitutes what Mr. Barry did in the Cater transaction, it absolutely is the conduct and behavior that happened when he sued Fast Tract under the guise of 1229 Summit, LLC." (Tr. 407.) When the judge asked Fast Tract's counsel "so what is the transaction at hand in this suit that there's a fraud," counsel responded, "It is all of the documents and agreements and lawsuits that Mr. Barry has executed and signed on behalf of 1229 Summit, LLC, to institute litigation against people, to promise to pay people, representing that 1229 Summit, LLC, will indemnify parties, innocent parties, if they breach the agreement." *Id.* Continuing, Fast Tract's counsel explained, "[a]ll of these documents were bologna and a fraud because in that — there was no basis. 1229 Summit, LLC, was a fiction." (Tr. 410.) After the court denied Barry's renewed motion for a directed verdict, the jury was instructed on the elements of a fraud claim (tr. 421), and it returned a verdict in favor of Fast Tract on its fraud claim against Barry, as well as its claim for piercing the corporate veil.

{¶ 21} It is apparent that Fast Tract asserted a fraud claim against Barry as the underlying tort in its action to pierce 1229 Summit's corporate veil and hold Barry personally liable. Fast Tract was therefore required to plead its fraud claim with particularity, as required by Civ.R. 9(B). However, even a cursory review of the complaint demonstrates that the complaint did not set forth with any particularity the time, manner, and circumstances of Barry's alleged fraud. Accordingly, the trial

court erred in denying Barry's Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

{¶ 22} The first assignment of error is sustained. Because Fast Tract's failure to plead fraud with particularity resulted in a defective claim that should have been dismissed prior to trial, the judgment against Barry in favor of Fast Tract is hereby vacated.

{¶ 23} In light of our resolution of the first assignment of error, the remaining assignments of error are moot and we need not consider them. App.R. 12(A)(1)(c).

{¶ 24} Judgment vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR