JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs RWP, Inc. ("RWP"), Glenn Mosham and Elite Answering Service ("Elite") appeal from the order of the trial court that granted summary judgment to defendant Fabrizi Trucking and Paving Co. Inc. ("Fabrizi"). For the reasons set forth below, we affirm.
 {¶ 2} In 2001, the Board of Commissioners awarded a reconstruction contract for the widening of Wagar Road to Fabrizi. On June 4, 2002, Fabrizi cut eight bundled telephone cables owned by SBC Ameritech, resulting in a loss of telephone, fax, and some internet and cable services to thousands of SBC Ameritech's customers in Fairview Park, Rocky River and Westlake for several days.
 {¶ 3} RWP, which operates a car wash on Lorain Road, Mosham, an individual, and Elite, which provides emergency answering services for doctors and businesses, brought suit against Fabrizi and SBC Ameritech. In their second amended complaint, Plaintiffs alleged that they have licenses for the cables and/or leased them from SBC Ameritech. RWP further alleged that it has business telephone lines and credit card payment systems which are dependent upon the cables. Elite alleged that it was unable to provide its answering services for approximately 72 hours, resulting in $13,703.71 in damages.
 {¶ 4} Plaintiffs set forth claims against Fabrizi for negligence, public nuisance, and permanent injunction.[1]
Plaintiffs also set forth claims against SBC Ameritech for breach of contract, negligence, and public nuisance for failing to provide services on a continuous basis and failing to ensure that the cables were protected during the reconstruction.
 {¶ 5} In August 2002, Fabrizi filed a third party complaint for indemnification against the Cuyahoga County Board of Commissioners and the Cuyahoga County Engineer, claiming that it received authorization from these entities before cutting the cables. SBC Ameritech filed cross-claims against Fabrizi for repair costs and related damages.
 {¶ 6} The trial court subsequently determined that plaintiffs' claims against SBC Ameritech were solely within the jurisdiction of the Public Utilities Commission of Ohio ("PUCO"), and it awarded SBC Ameritech summary judgment in June 2004.
 {¶ 7} Fabrizi also moved for summary judgment on plaintiffs' claims, noting that the economic-loss rule generally prevents recovery in tort of damages for purely economic losses. In this connection, Fabrizi presented evidence that the cables are wholly owned by SBC Ameritech and that subscribers have an ownership only beginning at the point where the cables enter their residences. In opposition, plaintiffs indicated that they believed that they had a property interest in the phone lines and, alternatively, that they are in privity with Fabrizi or are intended beneficiaries of the reconstruction contract.
 {¶ 8} The trial court rejected plaintiffs' arguments as a matter of law and held:
 {¶ 9} "There is no privity between Plaintiffs and Fabri because there is no contract between Plaintiffs and Fabrizi. * * *
 {¶ 10} "This Court certainly appreciates the inconvenience and disruption to the thousands of Westside business and residential customers caused by the loss of essential telephone services, however, Plaintiffs' theory that as members of the political unit of Cuyahoga County all citizens are parties to the County's contract with Fabrizi or are at least intended beneficiaries of that contract, stretches the law a bit too far. This is especially true in this case where there has been no physical damage to the person or property of Plaintiffs.
 {¶ 11} "Plaintiffs have no property interest in SBC's network lines * * *. The ownership and use of these lines is regulated by Tariff [i.e., the contract between the company and its customers], which establishes SBC's ownership of everything in the Network up to the network interface device. * * * The affidavit of Ed Pavlovich, upon which Plaintiffs place heavy reliance, is insufficient as a matter of law. The affidavit does not provide any factual support and simply states Mr. Pavlovich's `belief' that Plaintiffs have a property interest in SBC's phone lines."
 {¶ 12} Finally, the trial court noted that, because the economic-loss rule generally prevents recovery in tort of damages for purely economic losses, all of Plaintiffs' claims were barred, including the claim for nuisance, since such claim sounded in tort.
 {¶ 13} Plaintiffs now appeal[2] and assign the following error for our review:
 {¶ 14} "The trial court erred in granting summary judgment in favor of Appellee Fabrizi Paving and Trucking Company's motion for summary judgment, and in overruling Appellant's motion for partial summary judgment on the nuisance cause of action."
 {¶ 15} Within this assignment of error, Plaintiffs assert that the economic-loss rule has no application to this matter since they have sustained "[t]angible economic loss and tangible property damage to a leasehold or license interest." They further assert that the rule is inapplicable because they have asserted a claim for public nuisance claim and have not asserted a claim for breach of contract. Finally, plaintiffs assert that the economic-loss rule was modified in United Telephone v. WilliamsExcavating (1997), 125 Ohio App.3d 135, 707 N.E.2d 1188. We shall address each claim in turn.
 {¶ 16} With regard to procedure, we note that an appellate court must review the grant of summary judgment de novo using the same standards as the trial court. Nationwide Mut. Fire Ins. Co.v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108,652 N.E.2d 684.
 {¶ 17} A trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164, 1171.
 {¶ 18} The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment. Id., citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Vahila v. Hall, supra.
 {¶ 19} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Civ.R. 56(E); Harless v. Willis Day WarehousingCo., supra. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact for trial. Vahila v. Hall,
supra. Summary judgment, if appropriate, shall be entered against the non-moving party. Jackson v. Alert Fire Safety Equip.,Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
 {¶ 20} With regard to the substantive law, we note that economic losses are intangible losses that do not arise from tangible physical harm to persons or property. Columbia Gas ofOhio v. Crestline Paving Excavating Co., Lucas App. No. L-02-1093, 2003-Ohio-793; Floor Craft Floor Covering, Inc. v.Parma Comm. Gen. Hosp. (1990), 54 Ohio St.3d 1, 3,560 N.E.2d 206, citing Keeton, Prosser and Keeton on Torts (5 Ed. 1984), 657, Section 92.
 {¶ 21} Thus, where only economic losses are asserted, damages may be recovered only in contract; there can be no recovery in negligence due to the lack of physical harm to persons and tangible things. See Queen City Terminals v. General AmericanTransportation Corp. (1995), 73 Ohio St.3d 609, 653 N.E.2d 661, citing Floor Craft Floor Covering, Inc. v. Parma Community Gen.Hosp. Assn. (1990), 54 Ohio St.3d 1, 3, 560 N.E.2d 206, and Prosser Keeton, Law of Tort (5 Ed. 1984), 657, Section 92.
 {¶ 22} In Corporex Dev. Constr. Mgmt. v. Shook, Inc.,106 Ohio St.3d 412; 2005-Ohio-5409; 835 N.E.2d 701, the Supreme Court of Ohio explained this rule as follows:
 {¶ 23} "The economic-loss rule generally prevents recovery in tort of damages for purely economic losses. See ChemtrolAdhesives, Inc. v. Am. Mfrs. Mut. Ins. Co. (1989),42 Ohio St.3d 40, 45, 537 N.E.2d 624; Floor Craft Floor Covering, Inc. v.Parma Community General Hosp. Ass'n (1990), 54 Ohio St. 3d 1, 3,560 N.E.2d 206. `The well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.' Chemtrol, 42 Ohio St.3d at 44,537 N.E.2d 624, quoting Nebraska Innkeepers, Inc. v. Pittsburgh-DesMoines Corp. (Iowa 1984), 345 N.W.2d 124, 126. See, also, FloorCraft, 54 Ohio St.3d at 3, 560 N.E.2d 206. This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that `parties to a commercial transaction should remain free to govern their own affairs.' Chemtrol, 42 Ohio St.3d at 42,537 N.E.2d 624. See, also, Floor Craft, 54 Ohio St.3d at 7,560 N.E.2d 206, quoting Sensenbrenner v. Rust, Orling Neale Architects,Inc. (1988), 236 Va. 419, 425, 374 S.E.2d 55, 5 Va. Law Rep. 1040. `"Tort law is not designed * * * to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement. It remains the particular province of the law of contracts.'" Floor Craft, 54 Ohio St.3d at 7,560 N.E.2d 206, quoting Sensenbrenner, 236 Va. at 425,374 S.E.2d 55.'"[3]
 {¶ 24} In this matter, Fabrizi presented evidence that SBC Ameritech subscribers, such as plaintiffs herein, have no property interest in the cables that were cut as these lines are an asset of the company and the subscribers simply pay for a service. Fabrizi also presented evidence that SBC Ameritech owns the lines up to the point of the interface device, i.e., just outside of a home, or up to the point of the terminal block in the basement of a commercial building. In opposition, Edward Pavlovich of RWP testified that he believed that he had a license and the exclusive right to use the lines. The trial court correctly determined that this belief was insufficient to create a genuine issue of material fact as to this issue. Plaintiffs therefore failed to establish that they suffered harm to their persons or their property as a result of the outages. Accordingly, they have set forth claims for purely economic losses and therefore cannot recover on their tort claims as a matter of law.
 {¶ 25} Plaintiffs insist that the economic-loss rule has no application to actions for public nuisance. There are two problems with this assertion, however. First, "public nuisance" is a theory of recovery in tort. Parker v. City of UpperArlington, Franklin App. No. 05AP-695, 2006-Ohio-1649; Brown v.Scioto Cty. Board of Commissioners (1993), 87 Ohio App.3d 704,712, 622 N.E.2d 1153. As noted previously, the economic-loss rule generally prevents recovery in tort of damages for purely economic loss. Corporex Dev. Constr. Mgmt. v. Shook, Inc.,
supra.
 {¶ 26} Second, although plaintiffs correctly note that a claim of nuisance may be predicated upon an alleged "absolute nuisance," which is not dependent upon a showing of negligence, see State ex rel. R.T.G., Inc. v. State, 98 Ohio St.3d 1,2002-Ohio-6716, 780 N.E.2d 998, and some of the economic-loss rule cases apply the rule to "negligence cases" rather than tort cases in general, see Chemtrol Adhesives, Inc. v. American Mfrs.Mut. Ins. Co. (1989), 42 Ohio St. 3d 40, 43, 537 N.E.2d 624, a claim of absolute nuisance nonetheless requires that the plaintiff sustain injury to property. State ex rel. R.T.G., Inc.v. State, supra. As was set forth previously, plaintiffs herein cannot make this showing.
 {¶ 27} Indeed, public nuisance "does not afford a basis for recovery of damages in tort unless there is particular harm to the plaintiff that is of a different kind than that suffered by the public in general." Temple v. Fence One, Inc., Cuyahoga App. No. 85703, 2005-Ohio-6628.
 {¶ 28} Thus, we can find no basis for excusing application of the economic-loss rule in matters such as this where a public nuisance is alleged.
 {¶ 29} Next, plaintiffs insist that the rule is not applicable in this matter since they have not asserted a claim for breach of contract against Fabrizi. This contention must fail as a matter of law as the economic-loss rule applies only to bar recovery in tort and has no application where the plaintiff is alleging breach of contract. See Queen City Terminals v. GeneralAm. Transp. Corp., supra ("In the absence of privity of contract between two disputing parties, the general rule is there is no duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things.").
 {¶ 30} Finally, plaintiffs assert that the economic-loss rule was modified in United Telephone v. Williams Excavating, supra. In that case, United Telephone brought suit for negligence after Williams Excavating cut telephone lines during a sewer reconstruction project. Williams Excavating counterclaimed, asserting that the telephone company negligently mismarked or failed to mark the location of their lines as required by R.C.153.64. The trial court determined that Williams Excavating's counterclaims were barred by the economic-loss rule. The appellate court reversed. The court accepted Williams Excavating's argument that, under the statute, the contractor was a member of the limited class whose reliance upon the utility's representation is specifically foreseen and concluded that the statutory requirement provided a sufficient privity substitute to defeat the economic-loss rule. The court stated as follows:
 {¶ 31} "* * * Williams' claims against United Telephone are for recovery under one of the various tort theories stemming from United Telephone's failure to fully comply with the requirements of R.C. 153.64. In sum, the issue presented here is whether there exists a relationship between the parties to allow for the bringing of a tort action under any theory for purely economic damages."
 {¶ 32} We note, however, that this court has not adopted the reasoning of United Telephone v. Williams Excavating. Further, in Columbia Gas of Ohio v. Crestline Paving Excavating Co.,
Lucas App. No. L-02-1093, 2003-Ohio-793, the court rejected the contention that R.C. 153.64 created a "privity substitute" that could defeat application of the economic-loss rule. The ColumbiaGas of Ohio v. Crestline Paving Excavating Co. court stated:
 {¶ 33} "Since the economic damages rule was part of Ohio's common law decades before the enactment of R.C. 153.64, it is part of the rights the statute specifically states are unaffected by the law. Moreover, we find nothing else in the statute to except this situation from the rule. * * * In sum, we reject appellant's assertion that R.C. 153.64 creates a privity substitute to take its claims out of the economic damages rule. Accordingly, the trial court did not err in granting summary judgment on claims for economic damages only."
 {¶ 34} Finally, we note that R.C. 153.64 identifies no interest, duty or relationship as to subscribers of a utility, such as plaintiffs herein. Moreover, R.C. 153.64(E) states:
 {¶ 35} "(E) This section does not affect rights between the public authority and the owners of the underground utility facilities for responsibility for costs involving removal, relocation, or protection of existing underground utility facilities, or for costs for delays occasioned thereby."
 {¶ 36} Accordingly, plaintiffs' reliance upon UnitedTelephone v. Williams Excavating and R.C. 153.64 is unavailing as neither provides a basis for excusing application of the economic-loss rule in this matter.
 {¶ 37} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, Jr., J., and *Joseph J. Nahra, J., concur.
[1] Plaintiffs also referred to a class action but did not move the trial court to so certify the action.
[2] Following the award of summary judgment to Fabrizi, the county, Fabrizi and SBC Ameritech entered into a Settlement Agreement and Release of Claims and dismissed all of their respective claims. Accordingly, there are no outstanding claims and we have jurisdiction over this matter.
[3] An exception to the economic-loss rule was outlined inHaddon View Invest. Co. v. Coopers Lybrand (1982),70 Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212. In that case, the Supreme Court concluded that an accountant may be liable for purely economic damages based upon negligent misrepresentation to third parties "when that third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen." Id. at syllabus.
* (Sitting by Assignment: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals).