**RCO INTERNATIONAL CORPORATION, Appellant,**

v.

**CLEVENGER et al., Appellees.**

[Cite as *RCO Internatl. Corp. v. Clevenger,* 180 Ohio App.3d 211, 2008-Ohio-6823.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–607.

Decided Dec. 23, 2008.

Florence C. Odita, for appellant.

McGRATH, Presiding Judge.

{¶ 1} Plaintiff-appellant, RCO International Corporation ("RCO"), appeals from a judgment of the Franklin County Municipal Court that granted summary judgment in favor of defendant-appellee, Nicole Clevenger. For reasons that follow, we reverse the trial court's judgment.

{¶ 2} On February 18, 2008, RCO filed a complaint in the Franklin County Municipal Court against Clevenger, Antonio Fountoulakis, and New Resource Construction Consulting and Contracting ("New Resource Construction"), alleging breach of contract. Clevenger answered the complaint on March 4, 2008. Fountoulakis and New Resource Construction, however, did not, and default judgment was entered against them on April 25, 2008.

{¶ 3} Clevenger moved for summary judgment on April 18, 2008, asserting that RCO had failed to plead the necessary elements in order to pierce the corporate veil and hold her personally liable for the acts of New Resource Construction. On May 5, 2008, RCO filed a joint memorandum contra and motion for summary judgment. Attached thereto, RCO submitted various exhibits as documentary evidence, which, it argued, demonstrated that New Resource Construction's corporate entity should be disregarded and Clevenger should be held personally liable for its acts.

{¶ 4} On June 19, 2008, the trial court granted Clevenger's summary judgment, and in its decision explained:

In the case at bar, the plaintiff filed a Complaint alleging breach of contract against Nicole Clevenger, Antonio Fountoulakis and New Resource Construction Consulting and Contracting, LLC. The plaintiff attached several exhibits to its Complaint, two of which were the contracts in question. The contracts were on New Resource letterhead and signed by Antonio Fountoulakis. None of the documentation attached contains Nicole Clevenger's name or signature. Nor does the Complaint specifically allege the conduct of Ms. Clevenger that entitles the plaintiff to relief.

* * *

Plaintiff argues in its first response to the motion that defendant Clevenger has failed to prove that she was not directly involved with the activities of New Resource. Plaintiff makes some inference to the fact that Ms. Clevenger may

have fraudulently created this limited liability company ("Nicole Clevenger had complete control over her closely held company and used it for her personal piggy bank.") The plaintiff did not allege fraud in its Complaint nor any other reason to pierce the limited liability company.

{¶ 5} RCO filed a timely appeal and assigns the following as error:

1. Whether the trial court committed reversible error in entering summary judgment in favor of the appellee.

2. Whether the trial court abused its discretion in dismissing the case without allowing the appellant the opportunity to complete discovery and amend the original complaint.

{¶ 6} Initially, we note that Clevenger has failed to file an appellate brief in this matter. Accordingly, pursuant to App.R. 18(C), this court may accept RCO's statement of the facts and issues as presented in its brief as correct and reverse the trial court's judgment if RCO's brief reasonably appears to sustain such an action.

{¶ 7} RCO's first and second assignments of error are interrelated and will be considered jointly. The gravamen of RCO's argument under these assignments of error is that the trial court erred in granting Clevenger's motion for summary judgment because, contrary to the trial court's finding, RCO provided evidence that supported holding Clevenger personally liable for the acts of New Resource Construction.

{¶ 8} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 703 N.E.2d 841. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment was made. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 9} The general rule is that corporations are distinct legal entities, and, thus, shareholders, officers and directors are not normally liable for the debts of the corporation. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos. Inc.* (1993), 67 Ohio St.3d 274, 287, 617 N.E.2d 1075. In *Belvedere*, at paragraph three of the syllabus, the Supreme Court of Ohio held that in order to pierce the corporate veil and impose personal liability upon shareholders, it must be shown that:

(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

{¶ 10} Ohio courts have recognized that "'there is no precise test to determine whether the elements required to pierce the corporate veil have been satisfied, and each case should be "regarded as '*sui generis*' and decidable on its own facts."'" *Sanderson Farms, Inc. v. Gasbarro*, Franklin App. No. 01AP–461, 2004-Ohio-1460, 2004 WL 583849, at ¶ 24–25, quoting *Lesick v. MedGroup Mgt., Inc.* (Oct. 29, 1999), Hamilton App. No. C–990097, 1999 WL 979136, *7, quoting *Bucyrus–Erie Co. v. Gen. Prods. Corp.* (C.A.6, 1981), 643 F.2d 413, 418. Because "[o]ne of the purposes of incorporation is to limit the liability of individual shareholders," the party seeking to have the corporate form disregarded bears the burden of proof. *Univ. Circle Research Ctr. Corp. v. Galbreath Co.* (1995), 106 Ohio App.3d 835, 840, 667 N.E.2d 445, citing Section 3, Article XIII of the Ohio Constitution.

{¶ 11} In this case, the trial court granted summary judgment to Clevenger on the basis that RCO's complaint "did not allege fraud in its Complaint nor any other reason to pierce the limited liability company." We disagree, however, with the trial court's analysis of the issue. Under the Ohio Rules of Civil Procedure, a complaint need only give the defendant fair notice of a desired claim and an opportunity to respond. *Leichliter v. Natl. City Bank of Columbus* (1999), 134 Ohio App.3d 26, 31, 729 N.E.2d 1285. "Piercing the corporate veil is not a claim, it is a remedy encompassed within a claim. It is a doctrine wherein liability for an underlying tort may be imposed upon a particular individual." *Geier v. Natl. GG Industries, Inc.* (Dec. 23, 1999), Lake App. No. 98–L–172, 1999 WL 1313640 (refusing to hold that a plaintiff's complaint had to relate a specific intention to proceed under the doctrine of piercing the corporate veil, and, thus, the trial court properly allowed the jury to decide a piercing the corporate veil issue where the complaint contained some indication that evidence on the issue would be introduced at trial); see also *Dalicandro v. Morrison Rd. Dev. Co.* (Apr. 17, 2001), Franklin App. No. 00AP–619, 2001 WL 379893. Thus, while RCO's complaint could have been drafted better, i.e., it raises vague and general allegations collectively against all defendants, as opposed to levying specific allegations against individual defendants, the complaint does allege that defendants (individually and severally) breached the contracts entered into with RCO in several ways, and also presented "an erroneous and false invoice." The pleading also informed Clevenger of RCO's intent to hold her individually liable.

{¶ 12} Contrary to the trial court's finding, RCO was not required to plead fraud in order to seek piercing of the corporate veil. While demonstrating (as opposed to pleading) fraud is one way to meet the second prong of the *Belvedere* test, a plaintiff may also meet that prong by demonstrating "an illegal act, or a similarly unlawful act." *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, syllabus.[1] The trial court's decision appears to focus on the qualitative nature of RCO's complaint, and not on the evidence that RCO submitted in connection with its joint memorandum contra and motion for summary judgment. Indeed, the issue before the trial court was procedurally postured on a motion for summary judgment, not a motion to dismiss, and we cannot discern what weight, if any, the trial court gave to the documentary evidence submitted by RCO. The trial court's decision also does not address the first and third prongs of the *Belvedere* test, and, thus, it is unclear as to whether or not the trial court made these determinations. When the foregoing is considered in light of the fact that Clevenger failed to file an appellate brief and oppose the facts set forth by RCO on appeal, we are compelled to find that summary judgment was inappropriate.[2]

{¶ 13} Based on the foregoing, we sustain RCO's first and second assignments of error. In so doing, however, we express no opinion as to the ultimate merit of RCO's claims. Accordingly, we reverse the judgment of the Franklin County Municipal Court and remand this case to that court for further proceedings in accordance with law and this opinion.

Judgment reversed
and cause remanded.

SADLER and TYACK, JJ., concur.

---

1. In *Dombroski*, the Supreme Court of Ohio recently modified the second prong of the *Belvedere* test, holding that to pierce the corporate veil, "the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act." Id. at syllabus. It explained that "[l]imiting piercing to cases in which the shareholders used their complete control over the corporate form to commit specific egregious acts is key to maintaining this balance. Were we to allow piercing every time a corporation under the complete control of a shareholder committed an unjust or inequitable act, virtually every close corporation could be pierced when sued, as nearly every lawsuit sets forth a form of unjust or inequitable action and close corporations are by definition controlled by an individual or small group of shareholders." Id. at ¶ 27.

2. Putting aside the fact that RCO was not required to *plead* the elements of fraud to pierce the corporate veil, we cannot discern whether or not the trial court considered RCO's allegation regarding the presentation of a "false and erroneous invoice" constituted an act that could serve as a basis for doing so.