[Cite as *Springfield Acme Elec. Co. v. Adams*, 2019-Ohio-113.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Springfield Acme Electric Co., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-837 |
| v. | : | (M.C. No. 2016CVF-16339) |
| Bret Adams, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 15, 2019

**On brief:** *Golden & Meizlish Co., LPA, Keith E. Golden*, and *Adam H. Karl*, for appellee. **Argued:** *Adam H. Karl*.

**On brief:** *BKD Legal, LLC*, and *Anthony McGeorge*, for appellant. **Argued:** *Anthony McGeorge*.

APPEAL from the Franklin County Municipal Court

KLATT, P.J.

{¶ 1} Defendant-appellant, Bret Adams, appeals a judgment of the Franklin County Municipal Court that entered a default judgment and awarded reasonable expenses and attorney fees against him and FM2, LLC, jointly and severally. Because the trial court did not abuse its discretion in (1) awarding reasonable expenses and attorney fees pursuant to Civ.R. 37(A)(5), and (2) entering a default judgment as a sanction pursuant to Civ.R. 37(B)(1)(f), we affirm.

**Facts and Procedural History**

{¶ 2} On June 1, 2016, plaintiff-appellee, Springfield Acme Electric Co., filed a complaint against Adams and FM2, LLC for breach of contract, unjust enrichment,

quantum meruit, and on an account. Springfield sought to recover amounts allegedly due for goods and services it provided in connection with the "Fashion Meets Music Festival." The complaint also requested the trial court to pierce the corporate veil of FM2, LLC and to hold Adams personally liable. In this regard, Springfield alleged that Adams exercised his control over FM2, LLC to commit fraud, or a similar unlawful act, by inducing Springfield to provide goods and services to the festival when Adams had no intention of paying for said goods and services.

{¶ 3} Adams filed a motion to dismiss Springfield's complaint. Subsequently, Springfield served its first set of interrogatories and request for production of documents on Adams and FM2, LLC. Springfield sought, in addition to other information, certain financial records of FM2, LLC as well as documents relating to FM2, LLC's compliance with corporate formalities to support its request that the trial court pierce FM2, LLC's corporate veil and attach personal liability to Adams. Apparently, the parties agreed that responses to all pending discovery requests would not be due until after the trial court ruled on Adams' motion to dismiss.

{¶ 4} The trial court denied Adams' motion to dismiss on January 10, 2017. On February 23, 2017, FM2, LLC formally dissolved. Adams and FM2, LLC provided discovery responses to Springfield's discovery requests on February 23, 2017. Springfield disputed the adequacy of the responses. The dispute largely centered on discovery requests related to Springfield's attempt to pierce the corporate veil of FM2, LLC and hold Adams personally liable. Informal attempts to resolve the discovery dispute were unsuccessful.

{¶ 5} Adams filed a motion for summary judgment on April 7, 2017. Adams argued that as a matter of law he could not be held personally liable for any claims that Springfield may have against FM2, LLC. In response, Springfield timely filed a motion for extension of time to respond to the motion for summary judgment pursuant to Civ.R. 56(F). In that motion, Springfield alleged that the failure of Adams and FM2, LLC to provide complete responses to its discovery requests prevented it from properly responding to Adams' motion for summary judgment. Springfield also filed a motion to compel discovery and for sanctions pursuant to Civ.R. 37(A). Springfield supported its motion to compel with an affidavit from its corporate representative that set forth the nature and history of the discovery dispute. Springfield emphasized that it needed proper responses to its discovery

requests to establish that Adams fraudulently used a corporate entity to transact business and to take advantage of Springfield. In response, Adams argued that the disputed discovery requests were not calculated to lead to the discovery of relevant evidence because he could not be held personally liable for FM2, LLC's obligations as a matter of law.

{¶ 6} Although Springfield's Civ.R. 56(F) motion and Civ.R. 37(A) motion to compel remained pending, the trial court granted Adams' motion for summary judgment by one-line entry on June 19, 2017. Apparently, the trial court was unaware that Springfield had filed a timely Civ.R. 56(F) motion. However, on August 31, 2017, the trial court vacated its grant of summary judgment for Adams. The trial court's entry stated in relevant part:

> [T]he Court finds that Motion should not have been granted and hereby Vacates the Summary Judgment which was entered on June 19, 2017.
>
> The Court[']s findings are based on the following:
>
> 1. The Plaintiff was actively engaging in discovery at the time the Motion for Summary Judgment was filed.
>
> 2. The Plaintiff filed a reply Memorandum and Request for Extension of Time to Respond to the Motion for Summary Judgment prior to Summary Judgment being granted.
>
> 3. The Court, upon review of the Geier v. National GG Industries, Inc., et al., 98 L-172, 1999 Ohio App. LEXIS 6263 (11th Dist., Lake County); Belvedere Condominiums Unit Owners' Association v. R.E. Roark Companies, Inc., et al., 67 Ohio St.3d 274, 617 N.E.2d 1075 (1993); and RCO International Corporation v. Clevenger, et al., 180 Ohio App.3d 211, (2008 10th Dist. 6823) does not find that the Defendant, Bret Adams, is entitled to judgment as a matter of law.

{¶ 7} Based on its ruling that Adams was not entitled to judgment as a matter of law, the trial court found that Springfield's motion for extension of time to respond to Adams' summary judgment motion was moot. The trial court granted Springfield's motion to compel discovery stating:

> As to the Plaintiff's Motion to Compel Discovery, the Court has reviewed the Plaintiff's Requests for Discovery, the responses of the Defendant Bret Adams, the Plaintiff's Motion to Compel,

and the Defendant's Memorandum Contra Plaintiff's Motion to Compel and Motion for Sanctions.

Upon review of the foregoing, the Court finds the Plaintiff's Motion to Compel well taken and hereby Sustains the same. Any motion for sanctions will be addressed at the conclusion of the matter.

IT IS HEREBY ORDERED that Defendants comply with the Plaintiff's Requests for Discovery as the requests were propounded on the Defendants.

{¶ 8} Despite the trial court's order, Adams and FM2, LLC still failed to provide complete responses to Springfield's discovery requests. Therefore, Springfield filed a second motion to compel discovery on October 6, 2017. Springfield supported the motion with an affidavit of counsel that again delineated the history of the discovery dispute as well as the most recent position of Adams and FM2, LLC (i.e., that they "had disposed of" the documents responsive to Springfield's outstanding discovery requests). Springfield again stressed its document requests were vital to its claim that the trial court pierce FM2, LLC's corporate veil and impose personal liability on Adams. Springfield specifically requested the trial court to award it reasonable expenses and attorney fees and to enter a default judgment against Adams and FM2, LLC based principally upon Adams' destruction of documents important to its case. In response, Adams advanced the same legal argument the trial court previously rejected when it granted Springfield's first motion to compel. Notably, Adams did not contest any of the facts set forth in Springfield's counsel's affidavit. Adams made no attempt to explain when or how the requested documents were disposed of. Nor did Adams submit an affidavit in support of his memorandum.

{¶ 9} On October 30, 2017, the trial court granted judgment pursuant to Civ.R. 37(A)(5) against Adams and FM2, LLC, jointly and severally, in the amount of $1,320 due to their failure to provide discovery responses. The trial court further granted default judgment against Adams and FM2, LLC, jointly and severally, in the amount of $10,000 as a sanction pursuant to Civ.R. 37(B)(1)(f).

{¶ 10} FM2, LLC did not appeal the trial court's judgment. Adams appeals assigning the following errors:

[1.] The Trial Court abused its discretion when it issued its October 30, 2017, Judgment Entry because the circumstances

of Mr. Adams' failure to respond to discovery requests is in no way supported by the record with a showing of willfulness or bad faith.

[2.] The Trial Court erred in granting Default Judgment against Mr. Adams because it impermissibly expands the second prong of the *Belvedere-Dombroski* test by allowing the corporate form to be pierced where no tortious misconduct has been sufficiently alleged under the *Belvedere-Dombroski* test.

## Legal Analysis

{¶ 11} In his first assignment of error, Adams argues that the trial court abused its discretion when it awarded Springfield reasonable expenses and attorney fees in the amount of $1,320 pursuant to Civ.R. 37(A)(5). We disagree.

{¶ 12} We review a trial court's imposition of a sanction pursuant to Civ.R. 37 for abuse of discretion. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus. The phrase "abuse of discretion" connotes more than an error in judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} Adams has not shown that the trial court abused its discretion in awarding Springfield reasonable expenses and attorney fees due to his failure to provide complete and timely responses to Springfield's discovery requests. Although Adams cannot be faulted for not amending his February 23, 2017 discovery responses after the trial court granted his motion for summary judgment on June 19, 2017, the trial court vacated that decision on August 31, 2017 and granted Springfield's motion to compel. Despite the trial court's order, Adams still failed to provide complete responses to Springfield's discovery requests, thereby requiring Springfield to file a second motion to compel. As previously noted, Springfield supported this second motion to compel with an affidavit of counsel that delineated the history of the discovery dispute and stated the most recent position of Adams and FM2, LLC (i.e., that they "had disposed of" the documents responsive to Springfield's outstanding discovery requests). In response, Adams did not contest any of the facts set forth in Springfield's counsel's affidavit, or explain when or how the requested documents were disposed of. Nor did Adams submit an affidavit in support of his memorandum in opposition. Adams only advanced the same legal argument that the trial court previously

rejected in granting Springfield's first motion to compel.  Based on this record, we conclude that the trial court did not abuse its discretion in granting Springfield reasonable expenses and attorney fees in the amount of $1,320 pursuant to Civ.R. 37(A)(5).[1]  Accordingly, we overrule Adams' first assignment of error.

{¶ 14} In his second assignment of error, Adams contends the trial court erred in granting default judgment against him by allowing the corporate form to be pierced in the absence of an allegation of tortious misconduct.  This assignment of error completely misconstrues the basis for the trial court's entry of default judgment against Adams and FM2, LLC.

{¶ 15} Contrary to Adams' contention, the trial court did not reach the merits of whether Springfield could ultimately pierce the corporate veil and enter judgment against Adams.  Rather, the trial court entered a default judgment against Adams and FM2, LLC, jointly and severally, as a sanction for their continued failure to comply with the trial court's discovery order and their destruction of documents.  Civ.R. 37(B)(1)(f) expressly authorizes the trial court to impose this sanction if a party fails to obey an order to provide or permit discovery under Civ.R. 37(A).  Adams does not attempt to argue that the trial court abused its discretion in entering default judgment against him as a sanction under Civ.R. 37(B)(1)(f).  The trial court was obviously bothered by the fact that Adams and/or FM2, LLC disposed of documents important to Springfield's case at some undisclosed point in time.  For these reasons, we overrule Adams' second assignment of error.

{¶ 16} Having overruled Adams' two assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

SADLER, J., concurs.
TYACK, J., dissents.

---

[1] Springfield's counsel's affidavit set forth the hourly rate ($220) and the total hours expended (6) in preparing Springfield's two motions to compel.  Multiplying the hourly rate by the total hours expended equals $1,320, which is the amount the trial court awarded.

TYACK, J., dissenting.

{¶ 17} Since I respectfully disagree with the majority of this appellate panel, I dissent.

{¶ 18} The municipal court judge assigned to this case granted summary judgment to the benefit of Bret Adams on June 19, 2017. Two days later, the judge issued a notice that a pretrial would be held on August 16, 2017. Presumably the pretrial would involve only the remaining parties. No party appealed from the granting of summary judgment for Adams, so apparently that part of the lawsuit became final 30 days after the summary judgment for Adams was journalized.

{¶ 19} Notwithstanding the above, the assigned municipal court judge journalized an entry saying he had been wrong to grant the summary judgment. No party had filed a motion to set aside the judgment. The judge just sua sponte reconsidered and tried to vacate a valid judgment he had journalized months earlier.

{¶ 20} In October 2017, the judge signed an entry granting sanctions against Bret Adams and FM2, LLC. The entry shows no signs of having been submitted to Adams or FM2, LLC. It is signed only by the attorneys for Springfield Acme Electric Co. and the judge. This leaves the very real possibility that the judge had nothing to do with generating the entry and merely signed an entry granting the judgment without input from the remaining defendant or defendants.

{¶ 21} This is simply not the way to do business, even in a very busy municipal court. This case should be returned to the Franklin County Municipal Court to clean up the mess reflected in the record before us. Since the majority of this panel chooses to affirm the proceedings in the record before us without doing so, I dissent.

————————————