[Cite as *Fast Tract Title Servs., Inc. v. Barry*, 2026-Ohio-461.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FAST TRACT TITLE SERVICES, INC.,  :

    Plaintiff-Appellant,  :

    v.  :

                                                    No. 115213

DENVER BARRY,  :

    Defendant-Appellee.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 12, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-980782

---

### *Appearances:*

L. Bryan Carr, *for appellant.*

Scott J. Friedman, *for appellee.*

WILLIAM A. KLATT, J.:

{¶ 1} Plaintiff-appellant Fast Tract Title Services, Inc. ("Fast Tract") appeals from the June 5, 2025 judgment entry that granted defendant-appellee Denver Barry's ("Barry") Civ.R. 12(B)(6) motion to dismiss the complaint. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2}  This is the third appeal filed involving disputes between Fast Tract and Barry.  The underlying action stems from the attempted sale of real property located at 8018 Garfield Boulevard in Garfield Heights, Ohio ("the real property") by 1229 Summit LLC ("1229 Summit"), the then owner of the real property, to Lawrence and Valerie Cater ("the Caters").  Allegedly, Barry was the sole owner and member of 1229 Summit.

{¶ 3}  The parties to the sale of the real property — 1229 Summit and the Caters — agreed to use Fast Tract as the escrow agent and title company for the transaction, and a corresponding escrow agreement was executed by Barry, on behalf of 1229 Summit, and the Caters.  The escrow agreement included an indemnification provision that stated the following:

> All parties to the transaction jointly and severally promise to save the escrow agent harmless for all damages or losses resulting from the termination of the escrow and agree to indemnify the escrow agent from any and all amounts including costs, expenses and attorney fees the escrow agent may be called upon to pay.

{¶ 4}  The sale of the property did not proceed as anticipated, and three lawsuits ensued.

> In 2014, 1229 Summit filed suit against Fast Tract and [the Caters], *1229 Summit, LLC v. Fast Tract Title Servs., Inc.*, et al. Cuyahoga C.P. No. CV-14-835162 (the "2014 lawsuit").  Fast Tract was granted summary judgment on 1229 Summit's claims against it.

> In 2016, Fast Tract filed suit against 1229 Summit in *Fast Tract Title Servs., Inc. v. 1229 Summit, LLC*, Cuyahoga C.P. No. CV-16-860137 (the "2016 lawsuit"), for breach of contract and indemnification to recover the attorney fees Fast Tract had incurred in defending against

the claims 1229 Summit had asserted against Fast Tract in the 2014 lawsuit. Fast Tract was awarded judgment in the amount of $16,319.56 against 1229 Summit after 1229 Summit failed to appear for trial. 1229 Summit never paid the judgment. No appeal was taken.

In 2018, Fast Tract filed another lawsuit, *Fast Tract Title Servs., Inc. v. Barry*, Cuyahoga C.P. No. CV-18-897291 (the "2018 lawsuit"), asserting fraud and piercing-the-corporate-veil claims against Barry. [1229 Summit had not submitted any payments on the 2016 judgment, and Fast Tract sought to collect $16,319.56 — the same dollar amount for which it had received judgment against 1229 Summit in the 2016 lawsuit.] Following a jury trial, the jury found in favor of Fast Tract and awarded damages. On appeal, this court vacated the trial court's judgment, concluding that the trial court had erred in denying Barry's Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted because Fast Tract had not pled its fraud claim with particularity, as required by Civ.R. 9(B). *Fast Tract Title Servs. v. Barry*, 2022-Ohio-1943, ¶ 21-22 (8th Dist.) ["*Fast Tract I*"].

*Fast Tract Title Servs. v. Barry*, 2024-Ohio-5216, ¶ 5-7 (8th Dist.) ("*Fast Tract II*").

{¶ 5} Following this court's decision in *Fast Tract I* — that vacated the jury verdict but did not remand the case — the trial court "removed" the case from its "active docket" and the court denied Fast Tract's subsequent motions for leave to amend its complaint and to place the case on the court's active docket.

{¶ 6} On June 9, 2023, Fast Tract filed another complaint ("June 2023 complaint") against Barry asserting claims of fraud and "personal liability/piercing the corporate veil" (the "2023 lawsuit"); a copy of the escrow agreement was attached to the complaint.

{¶ 7} As to the fraud claim, Fast Tract alleged that through Barry's words, actions, and executed documents, he falsely represented to Fast Tract that 1229 Summit was a valid and viable entity, that Barry knew these representations

were false, and that Fast Tract justifiably relied on these representations thereby suffering damages. Specifically, the complaint states, in relevant part, the following:

16. On March 6, 2014, May 6, 2014, June 3, 2014, June 5, 2014, June 9, 2014, October 31, 2014[,] and other dates [Barry], through his words, actions and executed documents, made representations to [Fast Tract] including, but not limited to, that 1229 Summit, LLC was a valid and viable entity. [Barry] knew his representations were false and that 1229 Summit, LLC had no assets, was a sham, was uncollectable and was under-capitalized.

17. [Barry] had the intent of misleading [Fast Tract] into relying upon his false and misleading representations, which were material to the transaction in which [Fast Tract] was the title company for the transaction involving the Property.

18. [Fast Tract] relied upon [Barry's] representations and continued to act as the title company for the 8018 Garfield Boulevard transaction. [Fast Tract']s reliance was justifiable.

19. Given [Barry]'s representations and subsequent fraudulent use of 1229 Summit, LLC (to file a lawsuit against [Fast Tract]) [Fast Tract] suffered damages.

June 2023 complaint. The complaint did not specifically allege when Fast Tract discovered Barry's alleged fraudulent misrepresentations and/or Barry's alleged fraudulent or "sham" operation of 1229 Summit.

{¶ 8} As to its "personal liability/piercing the corporate veil" claim, Fast Tract alleged that 1229 Summit should not shield Barry from personal liability because of his fraudulent acts:

21. The fiction known as 1229 Summit, LLC should be disregarded because it has been used as an unfair device to achieve an inequitable result.

22. 1229 Summit, LLC should be disregarded because: (a) it is used, or is being used, as a means of perpetrating a fraud upon [Fast Tract]; (b)

1229 Summit, LLC was organized and operated as a tool or business conduit of [Barry]; (c) 1229 Summit, LLC is resorted to as a means of evading existing legal obligations; (d) 1229 Summit, LLC is used to circumvent a statute; and (e) 1229 Summit, LLC is relied upon as a protection to justify a wrong.

23. 1229 Summit, LLC should not shield fraud, evade obligations, circumvent statute and the like. The "corporate veil" of 1229 Summit, LLC should be pierced to provide that [Barry] is liable to [Fast Tract] for its judgment against 1229 Summit, LLC.

24. 1229 Summit, LLC may be "pierced" for the following reasons: (a) its limited [l]iability form was used as a sham to perpetrate a fraud upon [Fast Tract]; (b) 1229 Summit, LLC was operated merely as a tool and/or business conduit of [Barry] (it was [Barry]'s alter ego); (c) 1229 Summit, LLC was used to avoid legal and contractual obligations, legal duties and duties of care; (d) 1229 Summit, LLC was used to circumvent statutes; (e) 1229 Summit, LLC was used to justify a wrong; and (f) 1229 Summit, LLC was inadequately capitalized.

25. The control that [Barry] had over 1229 Summit, LLC was so complete that 1229 Summit, LLC had no separate mind, will or existence of its own.

26. The control [Barry] had over 1229 Summit, LLC was exercised in such a [m]anner as to commit fraud and other unlawful acts which resulted in damages to [Fast Tract].

June 2023 complaint. The June 2023 lawsuit sought judgment against Barry in the amount of $16,319.56, plus interest, costs, attorney fees, and punitive damages.

{¶ 9} On November 27, 2023, in response to the June 2023 complaint, Barry filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. Specifically, Barry sought dismissal on the basis of res judicata or, alternatively, he argued the damages sought by Fast Tract had been previously awarded in the 2016 lawsuit, the claims were barred by the economic-loss rule, the claims were barred by the statute of limitations, and piercing-the-

corporate-veil was not an independent cause of action. On February 29, 2024, the trial court granted the motion to dismiss because of res judicata; the trial court did not analyze the alternate arguments presented by Barry.

{¶ 10} On appeal, this court found the trial court erred when it dismissed Fast Tract's June 2023 complaint pursuant to res judicata and this court declined to address Barry's alternate theories for dismissal because the trial court had not yet considered those arguments. *Fast Tract II* at ¶ 40-42. The trial court's grant of Barry's motion to dismiss was reversed, and the case was remanded.

{¶ 11} Upon remand, Barry filed a renewed motion to dismiss on May 19, 2025. Specifically, Barry contended that he was entitled to dismissal because (1) Fast Tract cannot maintain a fraud cause of action for damages where it recovered the same damages under a breach-of-contract claim in the 2016 lawsuit, (2) Fast Tract's claims are barred by the economic-loss rule, (3) Fast Tract's claims are barred by the applicable statute of limitations, and (4) Fast Tract cannot maintain a claim for piercing the corporate veil if the underlying fraud claim is dismissed.

{¶ 12} On May 22, 2025, Fast Tract opposed the motion to dismiss. Fast Tract argued that the June 2023 complaint was premised on a tort claim — fraud — rather than a breach-of-contract cause of action. Fast Tract argued that the fraud claim was an exception to the economic-loss rule and the June 2023 complaint was filed within the designated statute of limitations. Fast Tract further contended that its complaint sufficiently addressed the three-prong test set forth by the Ohio

Supreme Court in *Belvedere Condominium Unit Owners' Assn. v. R.R. Roark Cos., Inc.,* 67 Ohio St.3d 274 (1993), regarding piercing the corporate veil and, as a result, a dismissal was not justified.

{¶ 13} On May 29, 2025, Barry filed a reply brief, and on June 5, 2025, the trial court issued a detailed judgment entry granting Barry's motion to dismiss that reads, in pertinent part:

> Upon careful review of [Barry]'s motion to dismiss, [Fast Tract]'s opposition, and [Barry]'s reply in support, the court finds the motion well-taken. [Fast Tract]'s objection is overruled, and [Barry]'s motion is granted.
>
> . . .
>
> ECONOMIC LOSS RULE
> [Barry] cites *Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 106 Ohio St. 3d 412, 2005 Ohio 5409, 835 N.E.2d 701 for the proposition that "the economic loss rule generally prevents recovery in tort of damages for purely economic loss." In determining what constitutes an economic loss, the Eighth District has posited that, "[e]conomic losses are intangible losses that do not arise from tangible physical harm to persons or property." *RWP, inc. v. Fabrizi Trucking & Paving Co.*, Cuyahoga App. No. 87382, 2006 Ohio 5014, p20. When a plaintiff asserts only economic losses, as in this case, "damages may be recovered only in contract; there can be no recovery in negligence due to the lack of physical harm to persons and tangible things." *Id*. at p21. [Fast Tract]'s request for damages in the amount of $16,319.56 plus interest at the rate of 4% from November 4, 2014 are purely economic, meaning there is a verifiable loss of assets. This amount does not represent damages due to physical or mental injury or property damage. [Fast Tract]'s complaint sounds in tort. Furthermore, the court takes judicial notice of the fact that [Fast Tract] obtained a judgment against the entity owned by [Barry] in civil case number CV-16-860137, in the amount of $16,319.56 on claims for indemnification and breach of contract. In the case at hand, the court finds that [Fast Tract] is seeking purely economic damages as it relates to breach of contract. As such, the court finds that [Fast Tract]'s claim for fraud is barred by the economic loss rule.

STATUTE OF LIMITATIONS

[Barry] also argues that [Fast Tract]'s claim for fraud is barred by the applicable four-year statute of limitations pursuant to O.R.C. 2305.09. This court agrees. In the case at bar, [Fast Tract] alleges that [Barry] made false representations as to the validity of 1229 Summit, LLC, the entity used in an underlying real estate transaction, as early as March 6, 2014. Using that date as the date upon which the cause of action accrued, the court agrees with [Barry]'s assertion that [Fast Tract]'s complaint is barred by the applicable statute of limitations. The damages sought by [Fast Tract] were awarded in a previous breach of contract case as the court has previously taken judicial notice of [Fast Tract]'s prior award of damages against [Barry]'s company 1229 Summit, LLC, in the amount sought in the complaint at bar, the court finds that compensatory damages can not be duplicated and awarded for breach of contract and fraud. Accordingly, the court hereby finds [Barry]'s motion to dismiss well-taken and granted over [Fast Tract]'s objection. . . .

June 5, 2025 judgment entry.

{¶ 14} On June 9, 2025, Fast Tract filed a notice of appeal, and it now presents a single assignment of error: The trial court erred in dismissing the appellant's complaint.

**Legal Analysis**

**A. Standard of Review**

{¶ 15} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim tests the sufficiency of a complaint. *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116 (1989). A Civ.R. 12(B)(6) dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in a nonmoving party's favor, it appears beyond doubt that

the nonmoving party could prove no set of facts entitling it to the requested relief. *Rosen v. Celebrezze*, 2008-Ohio-853, ¶ 13.  In considering a Civ.R. 12(B)(6) motion to dismiss, "[t]he factual allegations of the complaint and items properly incorporated therein must be accepted as true." *Vail v. Plain Dealer Publishing Co.*, 1995-Ohio-187, ¶ 5, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  Here, Fast Tract attached the escrow agreement to the June 2023 complaint, and Barry made no objection to that attachment.

{¶ 16} On appeal, we review a trial court's decision regarding a Civ.R. 12(B)(6) motion de novo.  *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362. In our de novo review, this court undertakes an independent examination of Barry's motion to dismiss and affords no deference to the trial court's determination. *Tedeschi v. Atrium Ctrs., L.L.C.*, 2012-Ohio-2929, ¶ 16 (8th Dist.), citing *Gilchrist v. Gonsor*, 2007-Ohio-3903 (8th Dist.).

## B. Fraud and the Economic-Loss Rule

{¶ 17} To establish a claim in fraud, a plaintiff must establish

(1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance.

*Woods v. Sharkin*, 2022-Ohio-1949, ¶ 65 (8th Dist.), citing *Burr v. Bd. of Cty. Commrs. of Stark Cty.*, 23 Ohio St. 3d 69, 73 (1986).  Further, a fraud claim must be pled with particularity.  Civ.R. 9(B).

{¶ 18} Fraud cases that satisfy the above standards may still be subject to additional restrictions if the fraud claim, a tort cause of action, is pled in conjunction with a contract claim. "'[T]he existence of a contract action excludes the opportunity to present the same case as a tort claim.'" *Cord v. Victory Sols., LLC*, 2018-Ohio-590, ¶ 16 (8th Dist.), quoting *Stancik v. Deutsche Natl. Bank*, 2015-Ohio-2517, ¶ 40 (8th Dist.), citing *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137 (9th Dist. 1996). "'Where the causes of action in tort and contract are "factually intertwined," a plaintiff must show that the tort claims derive from the breach of duties that are independent of the contract and that would exist notwithstanding the contract.'" *Cord*, quoting *Cuthbert v. Trucklease Corp.*, 2004-Ohio-4417 (10th Dist.).

{¶ 19} As a result,

> it is well settled that a plaintiff "'must include actual damages attributable to the wrongful acts of the alleged tortfeasor which are in addition to those attributable to the breach of contract.'" *EverStaff, L.L.C. v. Sansai Environmental Technologies, L.L.C.*, 8th Dist. Cuyahoga No. 96108, 2011-Ohio-4824, ¶ 28, quoting *Textron*; *see also RAE Assocs.* at ¶ 19 ("[W]e affirm the trial court's dismissal on the grounds that the tort claim asserts no additional ground for recovery beyond that expressed in the claim for breach of contract."); *Strategy Group for Media v. Lowden*, 5th Dist. Delaware No. 12 CAE 03 0016, 2013-Ohio-1330, ¶ 33 (affirming the trial court's grant of summary judgment because the plaintiff's claims for breach of contract and fraud were "based upon the same outstanding invoices").

> In *EverStaff*, the trial court granted the plaintiff's motion for summary judgment as to its claim for breach of contract but summarily dismissed its fraud claim. On review, we found that the plaintiff "failed to allege actual damages beyond the breach of contract" and that its "only additional damages stemmed from claims for punitive damages." *Id.*

at ¶ 29. As a result, we concluded that the plaintiff insufficiently pleaded her claim for fraud. *Id.*

*Cord* at ¶ 17-18.

{¶ 20} Similarly, the economic-loss rule generally prevents recovery, in tort, of damages for purely economic loss. *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 2005-Ohio-5409, ¶ 6. "Economic losses 'are intangible losses that do not arise from tangible physical harm to persons or property.'" *Stancik*, 2015-Ohio-2517, at ¶ 39 (8th Dist.), quoting *RWP, Inc. v. Fabrizi Trucking & Paving Co.*, 2006-Ohio-5014, ¶ 20 (8th Dist.).

{¶ 21} "The economic-loss rule stems from the principle that, '[i]n the absence of privity of contract between two disputing parties the general rule is "there is no * * * duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things."'" *Waverly City School Dist. Bd. of Edn. v. Triad Architects, Inc.*, 2008-Ohio-6917, ¶ 26 (10th Dist.), quoting *Floor Craft Covering, Inc. v. Parma Community Gen. Hosp. Assn.*, 54 Ohio St.3d 1, 3 (1990), quoting *Prosser & Keeton on the Law of Torts*, § 92, 657 (5th Ed. 1984). Typically, "'"a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable."'" *Corporex* at ¶ 6, quoting *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 44 (1979), quoting *Nebraska Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.*, 345 N.W.2d 124, 126 (Iowa 1984).

**{¶ 22}** According to the Ohio Supreme Court, the economic-loss rule

> stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that "parties to a commercial transaction should remain free to govern their own affairs." "Tort law is not designed * * * to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement."

(Cleaned up.) *Corporex* at ¶ 6.

**{¶ 23}** However, there are exceptions to the economic-loss rule's bar to recovery. A plaintiff may pursue an exempt tort claim — including negligent misrepresentation, breach of fiduciary duty, fraud, or conversion — if the tort claim "'is "based exclusively upon [a] discrete, preexisting duty in tort and not upon any terms of a contract or rights accompanying privity."'" *Santagate v. Pa. Higher Edn. Assistance Agency*, 2020-Ohio-3153, ¶ 39 (10th Dist.), quoting *Clemens v. Nelson Fin. Group, Inc.,* 2015-Ohio-1232, ¶ 36 (10th Dist.), quoting *Corporex*, 2005-Ohio-5409 at ¶ 9. Yet, a tort claim that alleges a breach of an independent duty must also allege damages separate and distinct from a breach of contract. *Windsor Med. Ctr., Inc. v. Time Warner Cable, Inc.,* 2021-Ohio-158, ¶ 28 (5th Dist.), quoting *Strategy Group for Media, Inc. v. Lowden*, 2013-Ohio-1330, ¶ 30 (5th Dist.).

**{¶ 24}** On appeal, Fast Tract argues that its fraud claim — that alleges Barry fraudulently represented 1229 Summit as a valid and viable entity when, in fact, the entity lacked assets, was uncollectible, and was undercapitalized — is exempt from the economic-loss rule because the tort cause of action is based on a discrete, preexisting duty, independent of any contract. Additionally, Fast Tract contends

that its "claims against . . . Barry are not for 'purely economic losses.' Fraud claims never are." Appellant's brief, p. 8. We disagree.

{¶ 25} A review of the June 2023 complaint demonstrates that the only damages sought in conjunction with Fast Tract's fraud claim are those related to and stemming from the escrow agreement. In the June 2023 complaint, Fast Tract seeks to recover damages in the amount of $16,319.56, plus interest, court costs, attorney's fees, punitive damages, and such other relief as may be just and equitable. The June 2023 complaint states Fast Tract received judgment in the 2016 litigation in the amount of $16,319.56, in payment of attorney's fees incurred because of a breach of the escrow agreement. Further, the June 2023 complaint states: "The 'corporate veil' of 1229 Summit, LLC should be pierced to provide that [Barry] is liable to [Fast Tract] for its judgment against 1229 Summit, LLC." June 2023 complaint, paragraph 23. The damages sought by Fast Tract in the instant case are the same damages previously rendered in the 2016 litigation on a breach-of-contract claim. There is no distinction between the breach-of-contract and tort damages, and accordingly, we find the economic-loss rule prevents Fast Tract from proceeding with the June 2023 fraud claim.

{¶ 26} Fast Tract contends that the argument presented by Barry does not apply in the instant matter because Barry was not a party to either the escrow agreement or the 2016 lawsuit that was premised upon the escrow agreement. While Fast Tract's assertions are correct, they are not persuasive because the economic-loss rule applies where there is no privity between the parties. Further,

Fast Tract provides no case law to demonstrate that filing the breach-of-contract claim in the 2016 litigation and the fraud claim separately in the 2023 litigation is an obstacle to Barry's arguments, and we decline to adopt such a theory.

## C. Piercing the Corporate Veil

{¶ 27} A party seeking to pierce the corporate veil must demonstrate

(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvedere Condominium Unit Owners' Assn.*, 1993-Ohio-119. The Ohio Supreme Court subsequently determined that the second prong of the *Belvedere* test requires a litigant to "demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. Courts should apply this limited expansion cautiously toward the goal of piercing the corporate veil only in instances of extreme shareholder misconduct." *Dombroski v. WellPoint, Inc.*, 2008-Ohio-4827, ¶ 29.

{¶ 28} This court stated in *Fast Tract I* that

piercing the corporate veil is not an independent cause of action. *RCO Internatl. Corp. v. Clevenger*, 180 Ohio App.3d 211, 2008-Ohio-6823, 904 N.E.2d 941, ¶ 11 (10th Dist.); *Geier v. Natl. GG Indus., Inc.*, 11th Dist. Lake No. 98-L-172, 1999 Ohio App. LEXIS 6263, 10 (Dec. 23, 1999). Rather, "it is a remedy encompassed within a claim. It is a doctrine wherein liability for an underlying tort may be imposed upon a particular individual." *RCO Internatl. Corp* at *id.*; *see also Fifth Third Bank v. Diversified Transp. Servs.*, C.P. Lucas No. CI 09-2373, 2010 Ohio Misc. LEXIS 547 (Jan. 14, 2010), quoting 18 Am. Jur. 2d

Corporations § 47 ("Piercing the corporate veil 'is not itself an action but is merely a procedural means of allowing liability on a substantive claim.'").

*Fast Tract I*, 2022-Ohio-1943, at ¶ 17. Accordingly, when the trial court properly dismissed Fast Tract's fraud claim, it also properly dismissed the piercing-the-corporate-veil claim.

{¶ 29} For the foregoing reasons, we find that the trial court properly granted Barry's Civ.R. 12(B)(6) motion to dismiss and, thus, overrule Fast Tract's assignment of error.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)